627 A.2d 735

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey WAGAMAN, David Fazio, Jamie Luby, Angel Clark, Sherry Stuffle and Jerry Ingram, Appellants.**

Superior Court of Pennsylvania.

Argued March 11, 1993.

Filed May 21, 1993.

Reargument Denied July 26, 1993.

398

400

Richard M. Gutman, Carlisle, for appellants.

H. Stanley Rebert, Dist. Atty., York, for Com., appellee.

Before CIRILLO, POPOVICH and HESTER, JJ.

CIRILLO, Judge:

This is an appeal by six young people from convictions for disorderly conduct. We reverse.

The charges arose in the course of two days of confrontation in Hanover between an interracial group of young people and a white crowd. A summer of tension culminated in two nights of shouted threats and epithets, and bottle and rock throwing. On the second night of the confrontation, a group of the young people was gathered on the roof of a building. The building contained an apartment the young people used as a meeting place or crash pad. Outside the building a crowd of several hundred gathered, including several motorcyclists who the night before had threatened the youths. Each group shouted and threw objects at the other. After attempts to clear the street outside the apartment failed, the Hanover Borough police, police from outlying townships and two members of the Pennsylvania State Police climbed a fire escape on to the roof of the apartment and arrested all those they found there. No one in the crowd on the street was arrested. The six who here appeal their convictions were among a group of 11 persons arrested on the roof. Each of the six was charged with disorderly conduct and convicted. Fines of $100 plus costs were imposed. Post-verdict motions were filed and denied; this timely appeal followed.

The six defendants ask whether presence at the scene of a crime, without more, is sufficient to convict them of disorderly conduct.[1]

In reviewing a challenge to the sufficiency of the evidence, this court must ask whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt. *Commonwealth v. Thomas*, 527 Pa. 511, 513–14, 594 A.2d 300, 301 (1991).

Constitutional due process requires that the government prove every fact necessary to constitute the crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The burden of proof never shifts but rests with the prosecution throughout. *Turner v. Commonwealth*, 86 Pa. 54, 74 (1878). Guilt must be based on more than mere suspicion or conjecture. *Commonwealth v. Bailey*, 448 Pa. 224, 227, 292 A.2d 345, 346 (1972). It is the continuing presumption of innocence which is the basis for the requirement that the state has a never-shifting burden to prove guilt beyond a reasonable doubt. *Commonwealth v. Bonomo*, 396 Pa. 222, 229, 151 A.2d 441, 445 (1959). The never-shifting burden on the Commonwealth is to prove every essential element of the charge. *Id.* at 230, 151 A.2d at 445–46. One of the elements of the crime which the Commonwealth must prove is intent. *Commonwealth v. Graves*, 461 Pa. 118, 126, 334 A.2d 661, 665 (1975). The due process burden of proof applies to summary offenses as well as to other criminal charges. *Commonwealth v. Karl*, 340 Pa.Super. 493, 490 A.2d 887 (1985).

Guilt must be proved and may not be based on mere conjecture. *Commonwealth v. Bausewine*, 354 Pa. 35, 41, 46 A.2d 491, 493 (1946). The evidence of guilt must be of such

---

1. The defendants also ask whether the Commonwealth improperly withheld allegedly exculpatory evidence in the form of a report prepared after an investigation of the incidents by the Pennsylvania State Police. Because of our disposition of the first question, we have no need to reach the second question and so shall not.

quantity and quality to overcome the presumption of innocence beyond a reasonable doubt. *Id.* at 41, 46 A.2d at 493. In *Bausewine,* the Pennsylvania Supreme Court found circumstantial evidence insufficient to convict a police chief of taking bribes. *See also Commonwealth v. Roscioli,* 454 Pa. 59, 309 A.2d 396 (1973) (evidence was insufficient to convict when defendant was observed next to a window from which a pane of glass was later found removed, facilitating a burglary); *Commonwealth v. Stores,* 317 Pa.Super. 109, 463 A.2d 1108 (1983) (proximity to a jewelry case later found pried open and emptied insufficient to convict).

■ Mere presence at the scene of a crime is insufficient to establish guilt. *Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966). In *Garrett,* the defendant's conviction for robbery was overturned because the Commonwealth had proved only his presence at the scene of a robbery but had offered no evidence of his participation in the robbery. This court *en banc* applied the principle of *Garrett,* that mere presence at the scene of a crime is insufficient to prove guilt, to a conviction for disorderly conduct in *Commonwealth v. Leonhard,* 245 Pa.Super. 116, 369 A.2d 320 (1976). Leonhard was convicted of disorderly conduct after a prison disturbance. This court reasoned that his presence in the area where the disturbance occurred was insufficient to prove that he had smashed furniture or engaged in other disorderly conduct.

The six defendants in this case were charged with disorderly conduct. The juveniles were charged with violations of 18 Pa.C.S. § 5503(a)(2) which provides in relevant part:

(a) **Offense defined.**—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

*       *       *       *       *       *

(2) makes unreasonable noise;

18 Pa.C.S. § 5503.

The summary citation issued to Angel Clark accused her of a violation of 18 Pa.C.S. § 5503(a)(1) which provides:

**(a) Offense defined.**—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

* \* \* \* \* \*

(1) engages in fighting or threatening, or in violent or tumultuous behavior;

* \* \* \* \* \*

18 Pa.C.S. § 5503.

To prove that the six defendants were guilty of disorderly conduct the Commonwealth had to prove both conduct and intent or recklessness. During the trial de novo on the citations the police witnesses testified that they could not identify who among the eleven arrested had made a loud noise or who had thrown any object. Nor could the police identify any of the six defendants as being present on the roof when the shouting and throwing occurred.

During the trial de novo, two witnesses were called, the police officers who arrested the six defendants. Among the questions and answers which were recorded were:

Q:  Sergeant Whitson, can you identify any of these defendants as having thrown anything off the roof?

A:  No.

Q:  Can you identify any of these defendants as having made any noise while they were on the roof before they were arrested?

A:  Individually?

Q:  Yeah.

A:  No.

Q:  Well, can you identify the six of them together, these six people, as having made noise?

A:  I know they were part of a group that was up there making noise and throwing rocks and throwing bottles.

Q:  Did you hear any of these six people make noise?

A:  I cannot say that I heard them individually.

* \* \* \* \* \*

Q: But when the screaming and yelling and throwing of rocks occurred, you didn't see any of these specific people on the roof, did you?

A: If you are asking me, can I identify them individually, no, I cannot.

\* \* \* \* \* \*

Q: Did you see any of these six people up on the roof when that disorder was caused on the street?

A: I saw a group on the roof. As I have stated before, I cannot say that I saw these defendants individually or identify them individually as being part of that group that was on the roof.

The trial judge himself questioned the police witness:

By the Court:

Q: Sergeant, I'm not sure I quite understand, and you straighten me out. My understanding is that there were a group of people up on the roof?

A: That's correct.

Q: Do you know—you don't know how many, I guess?

A: No, I don't, Your Honor.

Q: Were there more than six, do you know that?

A: Yes.

Q: Now, all the people up there when you saw them, were they doing these things that they talked about, all of them? Do you know that you could tell?

A: I can't say that every one of them was doing it, no.

Q: Now, when you went up on the roof, you went up to help arrest them, I guess?

A: Yes.

Q: The six defendants were there?

A: Yes.

Q: Were there other people there?

A: There were a total of eleven, I believe.

Q: Eleven. Were they all arrested?

A: Yes.

Q: Including the six defendants; is that correct?

A: Yes, Your Honor.

Q: But, as I understand it, Sergeant, you don't know how many of the eleven were doing these things, throwing the rocks and stuff like that?

A: Honestly, Your Honor, no, I cannot.

Without evidence that the defendants indeed committed the crime of which they are accused, the court may not convict. *Leonhard, supra.*

In its opinion, the trial court misapprehends and misapplies the criminal law. The trial court's opinion states:

> [W]here a Defendant is intentionally at the scene of a crime, as in our case, even though not actually assisting in the crime, where such presence tends to the encouragement of the criminals, it may be prima facie be [sic] inferred that he is a participant, and the obligation is cast upon the Defendant to prove his actual non-involvement.

For that proposition, the trial court cites *Commonwealth v. Merrick,* 65 Pa.Super. 482 (1917). In *Merrick* this court held that a charge of riot and inciting to riot brought under the common law, not a statute, could be sustained against a union organizer whose incendiary words were quoted at length but whose actions were not proved. It is a misstatement of the holding of *Merrick* to suggest that it stands for a shift of the burden of proof to the defendant. *See Bonomo, supra.* The trial court's reading of *Merrick* is directly counter to the reading given it by this court *en banc* in *Commonwealth v. Reeves,* 255 Pa.Super. 409, 387 A.2d 877 (1978). There, we stated that *Merrick* stands for the proposition that more than mere presence is needed to prove a charge of riot. *Id.* at 415, 387 A.2d at 881. *Reeves* held that photographs of the defendants at the scene without more was insufficient to convict them of riot. *See also Commonwealth v. Crawford,* 334 Pa.Super. 630, 635, 483 A.2d 916, 918 (1984) (more than presence required to convict the defendant on a charge of riot).

The trial court suggests that its misapprehension of *Merrick* as shifting the burden of proof to the defendant was "reaffirmed" in *Commonwealth v. Dalahan,* 262 Pa.Super. 615, 396 A.2d 1340 (1979). The trial judge in this case said, "[In *Dalahan*] the Defendant could not, *or did not,* satisfactorily explain his presence at the scene of the crime." (Emphasis in the trial court opinion.) The trial judge goes on to say:

In *Dallahan* [sic] the Defendants [sic] proffered explanation of his being at the scene was obviously fabricated. In our cases, the Defendants did not testify and therefore gave no explanation of their presence on the roof ... there was absolutely no evidence presented as to (1) why the Defendants were on the roof or (2) that they were entitled to be on the roof. Hence, we believe *Dallahan* [sic] and the present cases are akin.

The trial court is mistaken. In *Dalahan* the defendant was convicted of burglary based on the circumstantial evidence that he was found in an alley at 3:30 a.m., that he was holding a tire iron, that he was crouched under a splintered window frame and that he lied about his reason for being there. While *Dalahan* may stand for the proposition that circumstantial evidence may be sufficient to convict, it cannot be read as placing the burden on the defendant to prove that he did not commit a crime. The due process clause prevents that. *Bonomo, supra.* Dalahan's explanation was an issue in his appeal because he had lied about his reason for being in the alley. A false explanation is evidence of guilt. *Commonwealth v. Gockley,* 411 Pa. 437, 453, 192 A.2d 693, 701 (1963). In the case here appealed from, the defendants did not testify and so could not have offered a false explanation.

The record reveals no evidence that any one of the six defendants who here appeal engaged in any conduct which would constitute disorderly conduct; thus, the Commonwealth has failed in its burden of production and its burden of proof. *Leonhard, supra; Bonomo, supra; Karl, supra.*

Even though the Commonwealth has failed to prove that any of the six defendants who here appeal threw rocks or

shouted obscenities, we next consider whether the six could be adjudged guilty on a theory of accomplice culpability.

■ An accomplice may be found guilty without proof that the accomplice actually performed any criminal act. *Commonwealth v. Rosetti*, 322 Pa.Super. 536, 540, 469 A.2d 1121, 1123 (1983). A person may be held liable for the conduct of another under 18 Pa.C.S. § 306 which provides in pertinent part:

(a) **General rule.** A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both.

(b) **Conduct of another.** A person is legally accountable for the conduct of another person when:

*    *    *    *    *    *

(3) he is an accomplice of such other person in the commission of the offense.

(c) **Accomplice defined.** A person is an accomplice of another person in the commission of an offense if:

(1) with the intent of promoting or facilitating the commission of the offense, he:

(i) solicits such other person to commit it; or

(ii) aids or agrees or attempts to aid such other person in planning or committing it . . .

18 Pa.C.S. § 306.

■ Accomplice culpability is established through a two-step analysis: first, that the accomplice acted in such a way that he solicited or aided another's criminal conduct and, second, that any act was committed with the intent of promoting or facilitating the crime. *See Commonwealth v. Woodward*, 418 Pa.Super. 218, 614 A.2d 239 (1992) (Cirillo, J.); *Commonwealth v. Potts*, 388 Pa.Super. 593, 566 A.2d 287 (1989), *allocatur granted*, 525 Pa. 656, 582 A.2d 322 (1990).

■ Accomplice culpability is subject to due process analysis. To be an accomplice the defendant must be an active partner with the intent to commit the crime. *Commonwealth v. Brady*, 385 Pa.Super. 279, 560 A.2d 802 (1989). An

accomplice must have done something to participate in the criminal venture. *Commonwealth v. Flowers*, 479 Pa. 153, 387 A.2d 1268 (1978) (evidence was insufficient to convict a defendant who introduced undercover police officer to drug seller and was present at the sale of $200 worth of marijuana). Even though the degree of collusion or concert needed to convict may be slight, the burden is on the Commonwealth to prove that slight degree of participation. *Commonwealth v. Graves*, 316 Pa.Super. 484, 489–90, 463 A.2d 467, 470 (1983) (evidence was sufficient to convict a defendant who for three years acted as driver for and entered the bank with co-conspirators in a check fraud scheme). More than mere presence at the scene is needed to create accomplice culpability. *Commonwealth v. Stein*, 401 Pa.Super. 518, 585 A.2d 1048 (1991) (the Commonwealth offered insufficient evidence of intent to convict the defendant salesman of fraud when his employer failed to perform home repairs); *Brady, supra,* (presence at the burglary scene and in the car when the loot was sold insufficient to convict).

Our scope of review commands that we view all evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth as verdict winner. *Thomas, supra.* Consequently, we must now ask whether accomplice culpability is a reasonable inference from the evidence in this case.

Inference is a process of reasoning by which a fact or proposition is deduced as the logical consequence from other facts which have been established. *Commonwealth v. Wojdak*, 502 Pa. 359, 466 A.2d 991, 996 (1983). A reasonable inference of guilt must be based on facts and conditions proved; it cannot rest solely on suspicion or surmise. *Bausewine, supra.* Evidentiary inferences violate due process unless the inferred fact is "more likely than not to flow from the proved fact on which it is made to depend." *Turner v. United States*, 396 U.S. 398, 405, 90 S.Ct. 642, 646, 24 L.Ed.2d 610 (1970), cited in *Commonwealth v. McFarland*, 452 Pa. 435, 439, 308 A.2d 592, 594 (1973). The more likely-than-not standard is the minimum under which an inference is reason-

able. *Wojdak, supra.* Anything less would be suspicion or conjecture on which our law will not tolerate a criminal conviction. *Wojdak, supra; Bausewine, supra; Bailey, supra.*

To convict a defendant of accomplice culpability, the Commonwealth must establish that the crime has been committed and must prove every material element. *Bonomo, supra; Commonwealth ex rel. Scolio v. Hess,* 149 Pa.Super. 371, 27 A.2d 705 (1942) (Commonwealth's appeal of a discharge on a habeas corpus petition was unsuccessful when the evidence was insufficient to establish a *prima facie* case that the owner of a property knew that it was being used by a tenant as a house of prostitution).

In this case, the Commonwealth presented no evidence which makes it more likely than not, *Wojdak, supra,* that the six persons on the roof solicited or aided the commission of disorderly conduct. *See* 18 Pa.C.S. § 306(c), *supra.* The Commonwealth's case fails because it has proved only that the six were present on the roof when the police arrived. Mere presence is not enough to convict on accomplice culpability. *Stein, supra; Brady, supra.*

The Commonwealth has not proved that any of the six was individually and actually on the roof when the disorderly conduct occurred. We cannot infer that because the six were on the roof when the police officers made their arrests that they were on the roof when the disorderly conduct occurred. No evidence was presented which placed any of the six in proximity to any act of disorderly conduct.

Where an element of a crime is not established beyond a reasonable doubt, then a verdict of guilt for that crime cannot stand. *Stein, supra,* citing *Commonwealth v. Frank,* 322 Pa.Super. 6, 11, 468 A.2d 1131, 1134 (1983). The evidence in this case, even when viewed in the light most favorable to the Commonwealth, fails to establish that any of the six defendants committed any act which either constitutes disorderly conduct or is an act which solicited or aided disorderly conduct. Because we conclude that the Commonwealth has

410

not proved every element of the crime, we reverse the trial court's judgment of sentence.

We vacate the judgment of sentence and order the discharge of the appellants.

POPOVICH, J., dissents.