682 A.2d 383

COMMONWEALTH of Pennsylvania

v.

David P. BANELLIS, Appellant.

Superior Court of Pennsylvania.

Submitted July 1, 1996.

Filed Aug. 30, 1996.

Joseph F. Sklarosky, Forty Fort, for appellant.

Peter Paul Olszewski, Jr., District Attorney, Wilkes–Barre, and Melissa A. Berlot, Assistant District Attorney, Wilkes–Barre, for Commonwealth, appellee.

Before CAVANAUGH, J., CIRILLO, President Judge Emeritus and CERCONE, President Judge Emeritus.

CIRILLO, President Judge Emeritus.

David Banellis appeals from a summary conviction in the Court of Common Pleas of Luzerne County. We reverse.

On November 3, 1995, Officer John Lee Mecca of the Dupont Borough Police observed Banellis in a red Ford truck travelling on the Pittston Bypass in Luzerne County. Banellis failed to stop at the stop sign located at an intersection of the bypass ramp and Main Street. Officer Mecca, who was clothed in full uniform, pulled Banellis over and issued him a citation for not stopping at the stop sign. Banellis was subsequently charged for his failure to stop pursuant to 75

Pa.C.S. § 3323(b). The magistrate imposed costs and fines, Banellis appealed, and a trial *de novo* ensued.

Following the conclusion of the Commonwealth's case, in which Officer Mecca was the only witness, Banellis demurred to the charges; he challenged the Commonwealth's failure to prove his guilt beyond a reasonable doubt. The trial court denied Banellis' demurrer. Banellis was found guilty of a stop sign violation, and costs and fines as imposed by the Magistrate were affirmed. This appeal followed.

On appeal, Banellis raises one issue for our consideration: Whether the language of the statutory exception found in § 3323(b) of the Pennsylvania Vehicle Code is an integral part of the definition of the offense and, as such, whether the Commonwealth had the burden of negating the exception by producing evidence that no police officer was directing traffic through the stop sign?

In examining a challenge to the sufficiency of the evidence, it is well settled that an appellate court must determine whether the evidence was sufficient to enable the factfinder to find every element of the crime charged beyond a reasonable doubt, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the verdict winner. *Commonwealth v. LaCava*, 542 Pa. 160, 170–72, 666 A.2d 221, 226 (1995); *Commonwealth v. Thomas*, 527 Pa. 511, 513–14, 594 A.2d 300, 301 (1991).

Banellis claims the Commonwealth has not met its burden of proving each and every element of the crime charged. Section 3323(b) of the Vehicle Code provides in pertinent part:

**§ 3323. Stop signs and yield signs.**

(b) Duties at stop signs.—**Except when directed to proceed by a police officer** or appropriately attired persons authorized to direct, control or regulate traffic, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line . . . .

75 Pa.C.S. § 3323(b) (emphasis added).

Banellis argues that the language "except when directed to proceed by a police officer" is an integral part of the

offense and, therefore, the Commonwealth must produce evidence negating the exception as part of its burden of proof. We agree. In the instant case, the Commonwealth produced no evidence to negate the exception and, therefore, failed to meet its burden of proof beyond a reasonable doubt.

Pennsylvania state appellate courts have yet to interpret the "except clause" in 75 Pa.C.S. § 3323(b). Finding no appellate court cases interpreting this statute, we are guided by the reasoning in *Commonwealth v. Hudson*, 38 D. & C.3d 248 (1985), which is the sole Pennsylvania case to have addressed the burden of proof issue in section 3323(b). In its analysis of the sufficiency of the evidence with regard to section 3323(b), the court determined that it was the Commonwealth's burden to negate the exception at issue. *Hudson*, 38 D. & C.3d at 254. While *Hudson* is clearly not binding on this court, we find its reasoning persuasive.

In *Hudson*, defendants appealed from a summary conviction of failing to stop at a stop sign before entering an intersection, pursuant to § 3323(b). *Hudson*, 38 D. & C.3d at 249. Defendants testified that the driver of the first vehicle stopped in the middle of the highway, held up a red flag, and directed the defendants to come through the intersection without stopping.[1] *Id.* It was not contested that this lead pilot car was authorized by PennDot Regulations to direct traffic in the foregoing situation. *See* 67 Pa.Code § 179.10(13)(i). Thus, the key question centered on the burden of proof of the statutory exception in section 3323(b): Whether the burden was on the defendants to prove or on the Commonwealth to disprove traffic direction.[2] *Hudson*, 38 D. & C.3d at 251.

1. In a consolidated hearing, it appeared that one defendant was operating a lowboy trailer with a permitted oversize load, while the other defendant was operating the rear pilot vehicle. A third driver, who was not charged, was operating the front pilot vehicle. It was this lead pace car that directed the two defendants to come through the intersection. Defendants testified that it was standard practice to bring an oversized vehicle through an intersection without stopping, due to its large size. *Hudson*, 38 D. & C.3d at 250. *See* 67 Pa.Code § 179.10(13)(i).

2. The trial court in *Hudson* raised this issue *sua sponte*. 38 D. & C.3d at 251. The court stated, "Although the issue was not mentioned by

The *Hudson* court recognized that the burden of proving an essential element of the crime may not be shifted to the defendant. *Hudson*, 38 D. & C.3d at 252 (citing *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). "When dealing with a statute, it is the legislative intent which governs whether the exception or exemption is an essential and integral element of the crime." *Hudson*, 38 D. & C.3d at 253 (quoting *Commonwealth v. Bigelow*, 484 Pa. 476, 482–84, 399 A.2d 392, 395 (1979)). *See also Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975) (holding the absence of a license is an essential element of the crime of carrying a firearm without a license as prohibited by 18 Pa.C.S.A. § 6108 (formerly § 4628(e) of the Uniform Firearms Act)). Specifically, the *Hudson* court stated:

> If the exception or exemption is such an essential and integral part of the offense, the Commonwealth has both the burdens of persuasion and of initially producing evidence to negate the exception or exemption, and to do so beyond reasonable doubt; if it is not such an integral element, even though an essential element, defendant has the burden of producing some credible evidence sufficient to raise a legitimate issue by creating the basis for reasonable doubt that the exception or exemption is applicable; once defendant produced such evidence, the burden of going forward with evidence to negate the exception or exemption beyond a reasonable doubt passes to the Commonwealth.

*Hudson*, 38 D. & C.3d at 253 (citations omitted).

■ The trial court concluded the statutory exception of section 3323(b) is incorporated into and is an integral part of the definition of the offense. *Hudson*, 38 D. & C.3d at 253. Furthermore, the court distinguished statutory exceptions which are completely divorced from the definition of the offense, *i.e.*, exceptions treated as a distinct element. *Id.* at 254. "It is constitutionally permissible to shift to the accused the duty of producing evidence of facts constituting an exception to or exemption from liability when such dispensation

either side, we who must decide evidentiary sufficiency are necessarily governed by the proper rule." *Id.*

exists separately from the statutory or contractual definition of the basic cause of action; [i.e.,] **when the exception or exemption is stated in a proviso or other distinct clause . . . .**" *Hudson,* 38 D. & C.3d at 252–53 (emphasis added); *Commonwealth v. Bigelow,* 484 Pa. 476, 399 A.2d 392 (1979). Finally, in deciding who has the burden of proof for an integral part of an offense, the *Hudson* court stated the following: "[T]he Commonwealth has the burden of negating the exception, both by producing evidence on the issue and by persuasion of the fact-finder beyond a reasonable doubt." *Hudson,* 38 D. & C.3d at 254 (citing *McNeil,* 461 Pa. at 713–15, 337 A.2d at 843).

While we have not had the occasion, until now, to confront the issue of whether the exception in section 3323(b) is an integral part of the offense, the Pennsylvania state appellate courts have analyzed various "exception clauses" to determine whether these clauses state an integral element of the crime with which the defendant is charged. One of the most frequently cited statutes containing such an exception is 18 Pa.C.S.A. § 6106 (Firearms not to be carried without a license), which states the following:

(a) Offense defined.—No person shall carry a firearm in any vehicle or concealed on or about his person, **except in his place of abode or fixed place of business,** without a license therefor as provided in this subchapter.

(b) Exceptions.—The provisions of subsection (a) of this section shall not apply to:

\* \* \* \* \* \*

18 Pa.C.S.A. § 6106(a) & (b) (emphasis added) (Subsection (b) goes on to enumerate ten exceptions to subsection (a)).

In *Commonwealth v. Lopez,* 523 Pa. 126, 565 A.2d 437 (1989), the Pennsylvania Supreme Court looked to the language in section 6106(a) to determine whether the phrase "except in his place of abode or fixed place of business" is an element of the offense which the Commonwealth has the burden of proving. The court found that the Commonwealth cannot successfully prove a violation of section 6106(a) without

showing that the firearm, found on the person, was carried outside the place of abode.[3]  *Lopez*, 523 Pa. at 129–31, 565 A.2d at 439.   The court in *Lopez* relied on the rules of statutory construction [4] to distinguish subsection (b) of section 6106 which specifically describes certain justifications for carrying a firearm outside one's home or fixed place of business. *Id.* at 131–33, 565 A.2d at 440.   Unlike subsection (a), subsection (b) clearly evidences a distinction between the elements of the offense and its exceptions since this subsection is divorced from the definitional section of the crime.   *Id.*

In addition to *Lopez*, we are guided by the reasoning the Pennsylvania Supreme Court employed in *Bigelow, supra*, to interpret various "except clauses".   In that case, the court distinguished both the structure and language in sections 6106 & 6108 [5] of the Uniform Firearms Act.   *Bigelow*, 484 Pa. at

**3.**   The court in *Lopez* recognized that the Pennsylvania Superior Court in *Commonwealth v. Turner*, 339 Pa.Super. 81, 488 A.2d 319 (1985), interpreted the same statute.   *Turner*, however, held that the "except clause" in section 6106(a) should be construed as an affirmative defense, rather than an essential element of the crime to be proven by the Commonwealth.   Even though *Lopez* did not specifically overturn *Turner*, the *Lopez* court did state that the Superior Court's decision in *Turner* was misplaced in its interpretation of section 6106(a).   *Lopez*, 523 Pa. at 131–33, 565 A.2d at 440.   Since *Turner* has been specifically disapproved by *Lopez*, we shall not focus on it in our analysis of 75 Pa.C.S. § 3323(b).

**4.**   *See* 1 Pa.C.S.A. § 1921 which states the following:

> (a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.   **Every statute shall be construed, if possible, to give effect to all its provisions.**
> (b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S.A. § 1921(a), § 1921(b) (emphasis added).   *See also Zimmerman v. O'Bannon*, 497 Pa. 551, 442 A.2d 674 (1982) (holding every statute shall be construed, if possible, to give effect to all its provisions).

**5.**   **§ 6108.   Carrying firearms on public streets or public property in Philadelphia**

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class **unless:**
> (1) such person is licensed to carry a firearm;  or

476, 399 A.2d at 392. These distinctions are important in understanding the difference between a proviso and an "except clause", the latter of which is included in the definition of the defense. *See Bigelow,* 484 Pa. at 482–84, 399 A.2d at 395. The Pennsylvania Supreme Court concluded that the text regarding licensure in section 6108 is set off by the word "unless," indicating it is in the nature of a proviso. *Id.* "Material placed in a proviso is not an element of the crime but rather a matter of defense and need not be either plead or proved by the prosecution." *Id.* For this reason, the *Bigelow* court continued to hold that subsections (1) and (2) of section 6108 should be treated as affirmative defenses which must be raised by the defendant. *Bigelow,* 484 Pa. at 484–86, 399 A.2d at 396. The proviso in *Bigelow* is set off from the definition of the offense, unlike the "except clause" in section 6106(a) which is clearly a part of the definitional section of that offense and, therefore, must be proved by the Commonwealth. *See Lopez,* 523 Pa. at 131–33, 565 A.2d at 440.

> A common precept of statutory construction mandates:
>
> When a statute defining an offense contains an exception, in the enacting clause, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, **the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception,** but if the language of the clause defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is a matter of defense and must be shown by the accused.

*Commonwealth v. Stoffan,* 228 Pa.Super. 127, 140, 323 A.2d 318, 324 (1974) (holding "except clauses" do not state defenses

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license). 18 Pa.C.S.A. § 6108 (emphasis added).

but, rather, define necessary elements of crime which the Commonwealth must prove) (emphasis added). Based on the foregoing principle, the essential question in the instant case becomes whether the exception in section 3323(b) is an integral part of the offense.

The Crimes Code, in section 103, defines "Material element of an offense" as:

[a]n element that does not relate exclusively to the statute of limitations, jurisdiction, venue or to any other matter similarly unconnected with:

(1) the harm or evil incident to conduct, sought to be prevented by the law defining the offense; or

(2) the existence of a justification or excuse for such conduct.

18 Pa.C.S.A. § 103. Thus, to be considered a material element of the stop sign violation, the language relating to traffic being directed by a police officer must be connected with the harm or evil sought to be prevented by section 3323(b) or the existence of a justification or excuse for such conduct.

We are persuaded by the reasoning in the *Hudson* court and the preceding analogous appellate court cases that the "except clause" in section 3323(b) is an integral part of the offense. The clause, "Except when directed to proceed by a police officer ..." directly precedes the words "every driver of a vehicle approaching a stop sign shall stop...." Against the wording of this statute, it is obvious that the "except clause" is not divorced from the definition of the offense. In addition, there is no indication that the exception is in the nature of a proviso. *See Bigelow, supra.* The language of the exception aids in a more clear and accurate description of the offense. *Stoffan, supra.* The structure of the statute convinces us that lack of traffic direction at a stop sign is an essential element of the crime. In reaching this decision, we must place upon the Commonwealth the burden of negating the foregoing exception.

The result we reach today supports the basic tenet of criminal law that there is a continuing presumption of inno-

cence. *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A.2d 441 (1959); *see Commonwealth v. Hilbert,* 476 Pa. 288, 297, 382 A.2d 724, 729 (1978) ("[A] state carries a never-shifting burden of proof beyond a reasonable doubt of all the elements of a crime, such elements being contained in either statutory or common-law definitions."); *Turner v. Commonwealth,* 86 Pa. 54, 74 (1878) (the burden of proof never shifts but rests with the prosecution throughout); *Commonwealth v. Wagaman,* 426 Pa.Super. 396, 401–02, 627 A.2d 735, 737 (1993) (same). *See also Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship, supra.* "The Due Process Clause of the United States Constitution prohibits placing a burden of proof upon a criminal defendant to negate an element of the crime with which he or she is charged." *Hilbert,* 476 Pa. at 294, 382 A.2d at 727 (citing *Mullaney, supra).* There can be no burden on an accused to disprove an element of the offense. *Loccisano,* 243 Pa.Super. at 537–39, 366 A.2d at 284. Furthermore, "[t]he due process burden of proof applies to summary offenses as well as to other criminal charges." *Wagaman,* 426 Pa.Super. at 401, 627 A.2d at 737 (citing *Commonwealth v. Karl,* 340 Pa.Super. 493, 490 A.2d 887 (1985)). *See Commonwealth v. Crockford,* 443 Pa.Super. 23, 660 A.2d 1326 (1995) (Cirillo, J., concurring and dissenting).

In the instant case, the Commonwealth has failed to produce any evidence to disprove the presence of a police officer directing traffic. The Commonwealth, therefore, has failed to meet its burden of proof beyond a reasonable doubt. *In re Winship, supra; Crockford, supra.* The Commonwealth's only witness, Officer Mecca, testified that he observed Banellis exit the ramp and just continue right through the stop sign. The Commonwealth, however, failed to address the issue of whether Officer Mecca was directing traffic at this particular intersection. We find, therefore, that Banellis is entitled to discharge.

Reversed. Appellant is discharged.