tial's declaratory judgment action and compelling arbitration.

Accordingly, I would affirm the Superior Court's holding that, under the circumstances, Borgia is not a "covered person" under the Prudential policy's arbitration clause, and that entry of judgment in favor of Prudential on its declaratory judgment action is correct.[4]

Justice NEWMAN joins in the dissenting opinion.

**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Joseph BAVUSA, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1999.

Filed March 21, 2000.

Reargument Denied May 18, 2000.

4. This conclusion is not only pursuant to the express and unambiguous contract language, it is completely consistent with recent decisions of this Court upholding the "household exclusion" of UIM coverage for bodily injury suffered while not occupying a covered vehicle. Specifically, this Court upheld such provision in *Eichelman v. Nationwide Insurance Company*, 551 Pa. 558, 711 A.2d 1006 (1998), where the sole issue was whether a person who, as here, voluntarily elected to forgo UIM coverage on his own vehicle is precluded from recovering UIM benefits from separate policies issued to family members with whom he resides as a result of contract language in the family members' policy excluding such recovery when he is occupying his own vehicle. In upholding the exclusion, we noted that a claimant who voluntarily chose not to purchase UIM coverage received reduced premiums in return and was thereby required to be held to his voluntary choice. Additionally, we had certain instructive observations about the legislative intent behind the Motor Vehicle

Financial Responsibility Law (MVFRL) in regard to such exclusions, notably:

Allowing the "household exclusion" language to stand in this case is further bolstered by the intent behind the MVFRL, to stop the spiralling [sic] costs of automobile insurance in the Commonwealth. If appellant's position [that a family member's UIM coverage should insure him when he is occupying his own, undeclared, car] were accepted, it would allow an entire family living in a single household with numerous automobiles to obtain underinsured motorist coverage for each family member through a single insurance policy on one of the automobiles in the household. If this result were allowed, it would most likely result in higher insurance premiums on all insureds (even those without family members living at their residence) since insurers would be required to factor expanded coverage cost into rates charged for underinsured motorist coverage.

*Id.* at 566, 711 A.2d at 1010.

Peter Rosalsky, Asst. Public Defender, Philadelphia, for appellant.

Michael Gehrig, Asst. Dist. Atty., Philadelphia, for the Com.

Before POPOVICH, JOYCE and TAMILIA, JJ.

POPOVICH, J.:

¶ 1 The appellant, Joseph Bavusa, appeals the judgment of sentence (two years probation and costs) for carrying a firearm without a license[1] on the basis the offense should not have been graded a felony of the third degree because the burden of proving that he was ineligible to possess a license to carry a firearm was not carried forward by the Commonwealth. We affirm.

¶ 2 The facts are not in dispute: At 7:00 p.m. on the 18th of October, 1997, Philadelphia Police Officer Edward Lewis saw the appellant directing traffic into a parking lot, and, in the course of doing so, the appellant was observed with a black handgun in a holster at his waist. When the police asked if the appellant had a license, he answered in the affirmative but failed to produce one. After a radio check confirmed the appellant had no firearm license, he was arrested. The police confiscated a .32 caliber Walther semi-automatic handgun loaded with six live rounds in the magazine and one in the chamber.

¶ 3 The appellant was charged with carrying a firearm without a license and carrying a firearm on the public streets or public property in Philadelphia.[2] The appellant was found guilty by the Hon. Barbara A. Joseph of both crimes after the Commonwealth introduced a certificate of non-licensure from the Pennsylvania State Police.

¶ 4 When the trial court inquired concerning the gradation (misdemeanor or felony) of the Section 6106 conviction, the Commonwealth offered that the appellant had committed two prior crimes (manufacturing with intent to deliver a controlled substance and driving without lights to avoid identification), which prompted the trial court to label the offense a felony of the third degree.

¶ 5 A timely appeal followed challenging the trial court's grading Section 6106 a third degree felony on the ground that the appellant's prior Section 17 Probation Without Verdict for a drug offense was not a conviction, and, therefore, would not have precluded receipt of a license to carry a firearm, which should have decreased the grading for non-licensure to a first degree misdemeanor. The trial court disagreed stating, first, the Commonwealth was not burdened with establishing the appellant's ineligibility to obtain a license to carry a firearm. Second, the trial court held the Commonwealth met its burden and proved each element beyond a reasonable doubt with regard to the Section 6106 offense, which provides in relevant part:

§ 6106. **Firearms not to be carried without a license**

(a) **Offense defined.—**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

(2) A person who is otherwise eligible to possess a valid license under this chapter but who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed

---

1.  18 Pa.C.S.A. § 6106 (Supp.1999).

2.  *Id.* at § 6108.

place of business, without a valid and lawfully issued license and has not committed any other criminal violation commits a misdemeanor of the first degree.

(b) Exceptions....

The Act of April 22, 1997, P.L. 73, No. 5, § 1; 18 Pa.C.S.A. § 6106(a)(1) and (2)(Supp.1999).

¶ 6 Initially, we our guided by the decision in *Commonwealth v. Lopez*, 523 Pa. 126, 565 A.2d 437 (1989), wherein the elements of the predecessor to Section 6106 [3] were scrutinized. The phrase "except in his place of abode or fixed place of business" was determined to constitute an element of the offense of carrying a firearm without a license and was required to be proven by the prosecution beyond a reasonable doubt; to-wit:

It is axiomatic that the Commonwealth bears the burden of proving every element of the offense beyond a reasonable doubt. *Commonwealth v. Johnston*, 438 Pa. 485, 263 A.2d 376 (1970). "Under our system of jurisprudence the legislature is charged with the responsibility of defining the elements of crime." *Commonwealth v. Graves*, 461 Pa. 118, 126, 334 A.2d 661, 665 (1975); *see also Commonwealth v. Wright*, 508 Pa. 25, 31, 494 A.2d 354, 357, *aff'd sub nom. McMillan v. Pa.*, 474 U.S. 815, 106 S.Ct. 58, 88 L.Ed.2d 47 (1985). Thus the focus of our inquiry must be whether or not the phrase "except in his place of abode of fixed place of business" is an element of the offense. The Pennsylvania Crimes Code, 18 Pa.C.S. § 103 defines in pertinent part, an element of an offense as:

Such conduct or such attendant circumstances ... as:

(1) is included in the description of the forbidden conduct in the definition of the offense;

. . . .

Section 6106(a) describes the elements that must be proven by the Commonwealth in order to convict an accused of this offense. The Commonwealth must prove each of the factors listed in the definition: (a) that the weapon was a firearm, *Commonwealth v. Todd*, 477 Pa. 529, 384 A.2d 1215 (1978); (b) that the firearm was unlicensed, *Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975); and (c) that where the firearm was concealed on or about the person, *it must be outside his home or place of business*. This clause is clearly an integral part of the forbidden conduct found in the definition of the offense. The Commonwealth cannot successfully prove a violation of section 6106 without showing that the gun, found on the person, was carried outside the place of abode. *See, e.g., Commonwealth v. Clinton*, 391 Pa. 212, 137 A.2d 463 (1958). This element is just as crucial to the Commonwealth's case as the proof that the weapon was unlicensed, for without such evidence the Commonwealth has not met its burden of proof.

Subsection (b) specifically enumerates certain justifications for carrying a firearm outside one's home or fixed place of business. As recognized by the Superior Court, these exceptions are affirmative defenses, which must be placed in issue by the defendant, and which need not be negated by the prosecutor in its case-in-chief. *See, Commonwealth v. Walton*, 365 Pa.Super. 147, 529 A.2d 15 (1987), *alloc. denied*, 517 Pa. 630, 539 A.2d 811 (1988). Under the rules of statutory construction, subsection (b)

---

**3.** Section 6106(a) then read:

**§ 6106. Firearms not to be carried without a license**

(a) **Offense defined.**—No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as provided in this subchapter.

(b) Exceptions....

As amended July 8, 1986, P.L. 442, No. 93, § 2, eff. July 1, 1987; 18 Pa.C.S.A. § 6106(a).

clearly evidences a distinction between the definition of the crime and its exceptions. 1 Pa.C.S. § 1921(b).

\* \* \* \*

In [Commonwealth v.] Bigelow, [484 Pa. 476, 399 A.2d 392 (1979)], this Court considered the proper interpretation of section 6108 of the "Firearms & Other Dangerous Articles Act," 18 Pa.C.S. § 6108. At issue in that case was whether the Commonwealth had the burden of proving non-licensure as an element of the offense of "carrying firearms on public streets or public property in Philadelphia." The Act provided:

> § 6108, Carrying firearms on public streets or public property in Philadelphia[;]
>
> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
>
> (1) such person is licensed to carry a firearm; or
>
> (2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

We concluded that proof of an unlicensed possession was not required as an element of the offense. In so deciding, the rationale offered for that conclusion was:

> In section 6108 ... the material regarding licensure is set off by the word of exception "unless", indicating it is in the nature of a proviso.... The purpose of a proviso is to "qualify, restrain or otherwise modify the general language of the enabling provision."

. . . .

Material placed in a proviso is not an element of the crime but rather a matter of defense and need not be either plead or proved by the prosecution.

Id. at 482, 399 A.2d at 395 (citations omitted).

\* \* \* \*

... The proviso referred to in Bigelow is set off from the text of the definition of the offense, similar to the manner in which subsection (b) of section 6106 is divorced from the definitional section of that offense.

The language of Bigelow itself evidences the improper application of that decision by the Superior Court in its interpretation of subsection (a) of section 6106. Bigelow specifically states that a proviso modifies the general language of the enabling provision. Bigelow, 484 Pa. at 482, 399 A.2d at 395, citing Commonwealth ex rel. Margiotti v. Lawrence, 326 Pa. 526, 531, 193 A. 46, 48 (1937). According to this reasoning, we conclude the language herein cannot be considered a proviso, but rather is clearly a part of the definition of the offense.

565 A.2d at 439–40 (Emphasis in original).

¶ 7 At bar, unlike in Lopez but similar to Bigelow, the language "except as provided" is separated from the verbiage defining the offense. For example, missing from the paragraph containing "carrying a firearm without a license" is the added prohibitive conduct (e.g., making one "otherwise [in]eligible to possess a valid license" is not expounded upon) as discussed in Lopez and missing in Bigelow informing a person of the proscribed behavior. We have to travel to Section 6105,[4] subsection (b) of Section 6106 or

4. 18 Pa.C.S.A. § 6105 reads:
§ 6105. **Persons not to possess, use, manufacture, control, sell or transfer firearms**
(a) **Offense defined.**—

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose

Section 6109 [5] to garner what makes an accused "otherwise [in]eligible to possess a valid license". Section 6106(a) does not contain the defined conduct as existed in the predecessor to Section 6106 (and addressed in *Lopez*). Rather, one is directed to go outside the statute to ascertain what conduct exempts one from a felony status. This undermines the statute's "except" clause as an element of the offense, i.e., it manifests itself as a proviso required to be proven by a defendant as an affirmative defense to rebut the Commonwealth's allegation of guilt.

¶ 8 In contrast, in *Commonwealth v. Banellis*, 452 Pa.Super. 478, 682 A.2d 383 (1996), this Court held the language "except when directed to proceed by a police officer" was an integral part of the offense of failing to stop at a stop sign.[6] The

conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

(2) A person who is prohibited from possessing, using, controlling, selling, transferring or manufacturing a firearm under paragraph (1) or subsection (b) or (c) shall have a reasonable period of time, not to exceed 60 days from the date of the imposition of disability under this subsection, in which to sell or transfer that person's firearms to another eligible person who is not a member of the prohibited person's household.

(b) **Enumerated offenses**....

(c) **Other persons**....

(d) **Exemption**....

(e) **Proceedings**....

(f) **Other exemptions and proceedings**....

As amended December 3, 1998, P.L. 933, No. 121, § 4; 18 Pa.C.S.A. § 6105 (Supp.1999).

5. Subsection (e) of Section 6109 states:

(1) A license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle and shall be issued if, after an investigation not to exceed 45 days, it appears that the applicant is an individual concerning whom no good cause exists to deny the license. A license shall not be issued to any of the following:

(i) An individual whose character and reputation is such that the individual would be likely to act in a manner dangerous to public safety.

(ii) An individual who has been convicted of an offense under the act of April 14, 1972 (P.L. 233, No. 64) known as The Controlled Substance, Drug, Device and Cosmetic Act.

(iii) An individual convicted of a crime enumerated in section 6105.

(iv) An individual who, within the past ten years, has been adjudicated delinquent for a crime enumerated in section 6105 or for an offense under The Controlled Substance, Drug, Device and Cosmetic Act.

(v) An individual who is not of sound mind or who has ever been committed to a mental institution.

(vi) An individual who is addicted to or is an unlawful user of marijuana or a stimulant, depressant or narcotic drug.

(vii) An individual who is a habitual drunkard.

(viii) An individual who is charged with or has been convicted of a crime punishable by imprisonment for a term exceeding one year except as provided for in section 6123 (relating to waiver of disability or pardons).

(ix) A resident of another state who does not possess a current license or permit or similar document to carry a firearm issued by that state if a license is provided for by the laws of that state, as published annually in the Federal Register by the Bureau of Alcohol, Tobacco and Firearms of the Department of the Treasury under 18 U.S.C. § 921(a)(19)(relating to definitions).

(x) An alien who is illegally in the United States.

(xi) An individual who has been discharged from the armed forces of the United States under dishonorable conditions.

(xii) An individual who is a fugitive from justice. This subparagraph does not apply to an individual whose fugitive status is based upon nonmoving or moving summary offense under Title 75 (relating to vehicles).

(xiii) An individual who is otherwise prohibited from possessing, using, manufacturing, controlling, purchasing, selling or transferring a firearm as provided by section 6105

....

As amended June 18, 1998, P.L. 503, No. 70, § 3; 18 Pa.C.S.A. § 6109(e)(1)(i)–(xiii) (Supp. 1999).

6. 75 Pa.C.S.A. § 3323(b) provides:

§ 3323. **Stop signs and yield signs.**

(b) **Duties at stop signs.**—Except when directed to proceed by a police officer or

failure of the Commonwealth to prove the presence of an officer resulted in a reversal of Banellis' summary conviction. In doing so, we followed *Lopez* and *Bigelow* by examining and distinguishing the difference between a proviso and an "except" clause, the latter of which is part of the definition of the crime; to-wit:

> In *Commonwealth v. Lopez*, 532 [523] Pa. 126, 565 A.2d 437 (1989), the Pennsylvania Supreme Court looked to the language in section 6106(a) to determine whether the phrase "except in his place of abode or fixed place of business" is an element of the offense which the Commonwealth has the burden of proving. The court found that the Commonwealth cannot successfully prove a violation of section 6106(a) without showing that the firearm, found on the person, was carried outside the place of abode. *Lopez*, 523 Pa. at 129–31, 565 A.2d at 439. The court in *Lopez* relied on the rules of statutory construction to distinguish subsection (b) of section 6106 which specifically describes certain justifications for carrying a firearm outside one's home or fixed place of business. *Id.* at 131–33, 565 A.2d at 440. Unlike subsection (a), subsection (b) clearly evidences a distinction between the elements of the offense and its exception since this subsection is divorced from the definitional section of the crime. *Id.*

> In addition to *Lopez*, we are guided by the reasoning the Pennsylvania Supreme Court employed in *Bigelow*, *supra*, to interpret various "except clauses". In that case, the court distinguished both the structure and language in sections 6106 and 6108 of the Uniform Firearms Act. *Bigelow*, 484 Pa. at 476, 399 A.2d at 392. These distinctions are important in understanding the difference between a proviso and an "except clause", the latter of which is included in the definition of the defense. *See Bigelow*, 484 Pa. at 482–84, 399 A.2d at 395. The

Pennsylvania Supreme Court concluded that the text regarding licensure in section 6108 is set off by the word "unless," indicating it is in the nature of a proviso. *Id.* "Material placed in a proviso is not an element of the crime but rather a matter of defense and need not be either plead or proved by the prosecution." *Id.* For this reason, the *Bigelow* court continued to hold that subsections (1) and (2) of section 6108 should be treated as affirmative defenses which must be raised by the defendant. *Bigelow*, 484 Pa. at 484–86, 399 A.2d at 396. The proviso in *Bigelow* is set off from the definition of the offense, unlike the "except clause" in section 6106(a) which is clearly a part of the definitional section of that offense and, therefore, must be proved by the Commonwealth. *See Lopez*, 523 Pa. at 131–33, 565 A.2d at 440.

A common precept of statutory construction mandates:

> When a statute defining an offense contains an exception, in the enacting clause, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception, but if the language of the clause defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is a matter of defense and must be shown by the accused.

> \* \* \* \*

We are persuaded … that the "except clause" in section 3323(b) is an inte-

---

appropriately attired person authorized to direct, control or regulate traffic, every

driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line ....

gral part of the offense. The clause, "Except when directed to proceed by a police officer ..." directly precedes the words "every driver of a vehicle approaching a stop sign shall stop...." Against the wording of this statute, it is obvious that the "except clause" is not divorced from the definition.

682 A.2d at 386–87.

¶ 9 Consistent with the dictates of *Lopez*, *Bigelow*, *Banellis* and the precepts of statutory construction, we conclude that the grammatical structure and syntax of the 1999 version of Section 6106(a)(1) & (2),[7] both being devoid of substantive language or self-contained definitional verbiage require referral to other sections of the "Pennsylvania Uniform Firearms Act of 1995".[8] One must peruse the other sections of the subchapter for insight into what triggers "non-licensure", qualifies the "except" phrase as a proviso to exclude it from the Commonwealth's obligatory burden of proof and divorces the "except" clause from the definition of the offense.

¶ 10 Stated otherwise, the "except" clause is devoid of any language which facilitates a clear and accurate picture defining the offense. *Commonwealth v. Stoffan*, 228 Pa.Super. 127, 323 A.2d 318 (1974). The referential language ("except as provided in paragraph (2)") in the statute convinces us that it was not meant by the Legislature to be an element of the offense. Rather, it is a directional finder to plot the perimeters of the "except" clause, which excuses one from being labeled a felon when charged under Section 6106. This is evident from the fact that the "except" paragraph lends nothing to the definition of the offense.

¶ 11 The Crimes Code, in Section 103, defines "Element of an offense" as follows:

Such conduct or such attendant circumstances or such a result of conduct as:

(1) is included in the description of the forbidden conduct in the definition of the offense;

(2) ...;

(3) negatives an excuse or justification for such conduct....

As amended November 22, 1995, P.L. 621, No. 66, § 1; 18 Pa.C.S.A. § 103 (1998). Thus, to be considered an element of the firearm-without-a-license offense, the language "except as provided in paragraph (2)" describes no forbidden conduct in the body of the offense that negates an excuse or justification for such conduct. Unfortunately, the Legislature did not see fit to make the offense self-inclusive.

¶ 12 Exemption from being labeled a felon requires one to read other sections of the subchapter, i.e., Sections 6105 and 6109, to vindicate one from the taint of felonious behavior and the recriminations flowing as a result of such a status. These definitional and grammatical limitations did not plague the statutes reviewed by *Lopez* and *Banellis*, both of which concluded that the "except" phrase constituted an element of the offense to be proven by the prosecution. Here, in contrast, the formulation and content of the statute's use of

---

7. We find subsections (1) and (2) need to be read as a unit when deciphering whether to grade a Section 6106 offense a felony or a misdemeanor. One cannot ascertain when to categorize the crime a felony or misdemeanor without utilizing a checklist of criteria, appearing in subsection (b) of Section 6106 in conjunction with Sections 6105 and 6109. Each is intertwined with the other in taking a functional approach to the felony-misdemeanor dichotomy under the firearms subchapter.

Section 6106(a)(1) gives no substance to the "except" proviso save for referring to subsection (a)(2), which, in turn, is devoid of meaning when it comes to describing what conduct exempts one from felony status (i.e., "otherwise eligible to possess a valid license" and "has not committed any other criminal violations" are devoid of substance and necessitate going outside Section 6106). Of necessity, one must refer to Sections 6105 and 6109 to decide whether the offense is to be graded a felony or misdemeanor. This results from the statute not being self-contained when it comes to defining the elements of the offense.

8. As amended June 13, 1995, P.L. 1024, No. 17 (Spec.Sess. No. 1) § 2; 18 Pa.C.S.A. § 6106.

the "except" term without elaboration but mere referral to another provision leaves the reader with no option but to scour the remaining provisions of the firearms subchapter to discount the "except" clause as an element of the offense not to be proven beyond a reasonable doubt by the prosecution. Further, it is a tool looked to at sentencing to grade the offense a felony or misdemeanor, as was the case at bar by the trial court.

¶ 13 We next address the claim that the appellant's account of his eligibility to carry a firearm negated an element of the offense and shifted the burden of persuasion to the Commonwealth to prove ineligibility, which alleged failure validated possession of the firearm.

¶ 14 At trial, Police Officer Edward Lewis testified that on the 18th of October, 1997, he observed the appellant "appear[ing] to be parking cars or directing traffic into a parking lot, when he lifted his arm [and revealed to the Officer] . . . a black handgun in a holster on his waist." N.T. 10. When a radio check refuted the appellant's ownership of a permit, he was arrested.

¶ 15 The appellant admitted he had obtained a permit to carry the gun, but he never completed the permit application because he was "going through a divorce." *Id.* at 17. Thereafter, the trial court heard argument against elevating the 18 Pa. C.S.A. § 6106 conviction to a felony: "[T]he Commonwealth must prove [a]s [a]n element of the offense, he was unable to get a permit, and the[ defense] ha[s] proven that . . . [so] he should be found guilty of a misdemeanor of the first degree as opposed to a felony third degree. . . ." *Id.* at 19 (Counsel for the appellant).

¶ 16 The trial court found the appellant guilty of violating both Sections 6106 and 6108. As to grading Section 6106, the assistant district attorney remarked that the appellant, in 1975, was charged with manufacturing with intent to deliver a con-

trolled substance and sentenced under Section 17 to probation without verdict. The appellant was also convicted under the Motor Vehicle Code of driving without lights to avoid identification and arrested three times, none of which was refuted by the appellant. *Id.* at 20.

¶ 17 In light of 18 Pa.C.S.A. § 6109(e)(1)(i)–(xiii), which lists the prohibitive conduct disqualifying an individual from receiving a license to carry a firearm,[9] the trial court graded the violation of Section 6106 a felony of the third degree and sentenced the appellant to two years reporting probation. We find no fault with the gradation of the offense because the appellant's 1975 drug charge (albeit the punishment phase produced probation without verdict only) renders him ineligible to receive a license to carry a firearm under Section 6109(e)(1)(viii), which proscribes the issuance of a license to "[a]n individual who is charged with . . . a crime punishable by imprisonment for a term exceeding one year". Here, this translates into the appellant's prohibitive conduct of manufacturing a controlled substance charge in 1975.

¶ 18 Additionally, when a Section 6109(e)(1)(vii) violation is read in conjunction with a simultaneous conviction of 18 Pa.C.S.A. § 6108 (Carrying firearms on public streets or public property in Philadelphia), the appellant's misdemeanor status is unattainable under Section 6106(a)(2) because he is not "otherwise eligible to possess a valid license" and he "has . . . committed any other criminal violation" with the Section 6108 conviction.

¶ 19 Accordingly, after a review of the facts against the backdrop of the applicable law, we affirm judgment of sentence.

¶ 20 Judgment of sentence affirmed.

---

9. As amended June 18, 1998, P.L. 503, No. 70, § 3; 18 Pa.C.S.A. § 6109 (Supp.1999).