**In the Interest of A. Johnson**

C.P. of Lawrence County, no. 32 of 2010, JUV.

*Daniel Soom, assistant district attorney,* for Commonwealth.

*Larry J. Puntureri,* for defendant.

HODGE, *J.,* March 7, 2011—This matter was before the court for an adjudication hearing in which the juvenile,

A. Johnson, has been charged with possession of firearm, firearms not to be carried without a license (18 Pa.C.S.A. § 6106(a)(1)) and receiving stolen property (18 Pa.C.S.A. 3925(a)).

On March 7, 2010, Officer Buswell of the New Castle Police Department was traveling northbound on Highland Avenue when he noticed a purple Sunfire in the parking lot of Mom's Pizza. Officers were previously informed that such a vehicle had been stolen and were required to be on the lookout for the same. After notifying other units of his observation, Officer Buswell confronted the vehicle to investigate further.

There were four occupants in the vehicle, all of which were directed to keep their hands visible until backup arrived. Other officers then arrived and assisted Officer Buswell in removing the passengers from the Sunfire. As A. Johnson (hereinafter "juvenile") was exiting the vehicle, Officer Buswell observed a stainless steel handgun under his buttocks. The handgun was then run through the National Crime Information Center; although the handgun was not reported stolen, it was registered to Patricia Haines.

Officer Buswell later called local police agencies to investigate the situation regarding the handgun discovered under the buttocks of the juvenile. He discovered that on May 17, 2009, Ms. Haines' residence was burglarized and that a .38 caliber Derringer was stole. The handgun found in the Sunfire matched this description. The juvenile was currently on probation. Allegations of delinquency were filed then on March 8, 2010.

The offense of possession of firearm, firearms not to be carried without a license is governed by § 6106 of the Crimes Code. 18 Pa.C.S.A. § 6106 (a)(1) states:

> Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree. 18 Pa.C.S.A. § 6106(a)(1).

In order to convict a person for carrying a firearm without a license, the Commonwealth must prove: "1) that the weapon was a firearm; 2) that the firearm was unlicensed; and 3) that where the firearm was concealed on or about the person, it was outside his home or place of business." *Commonwealth v. Bavusa*, 750 A.2d 855, 857 (Pa. Super. 2000), affirmed, 832 A.2d 1042 (2003) (citations omitted). The facts establish that the juvenile was not in physical possession of the handgun, and consequently, the sole issue becomes whether the evidence is sufficient to establish that he had constructive possession of the gun. *Commonwealth v. Gutierrez*, 969 A.2d 584, 590 (Pa. Super. 2009) (citing *Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa. Super. 1999). For the Commonwealth to establish that the juvenile had constructive possession over the handgun, it must be proven that the juvenile had the ability to consciously exercise control over the handgun, as well as the intent to exercise such control. *Gutierrez*, 969 A.2d at 590 (citing *Commonwealth v. Sanes*, 955 A.2d 369 (Pa. Super. 2008). Intent to maintain

a conscious control can be inferred from the totality of the circumstances. *Commonwealth v. Valette*, 513 Pa. 384, 389, 613 A.2d 548, 550 (1992).

In the case of *Commonwealth v. Parker*, 847 A.2d 745 (Pa. Super. 2004), the defendant was convicted of carrying a firearm without a license and theft by receiving stolen property. On appeal, the defendant argued that there was insufficient evidence to sustain a conviction for carrying a firearm without a license because, according to the defendant, the Commonwealth had failed to establish that he had constructive possession over the gun. *Parker*, 847 A.2d at 750. In its analysis, the *Parker* court held that constructive possession is an inference taken from a set of facts that possession was more likely than not. *Id.* The court went on to define constructive possession as "the power to control the contraband and the intent to exercise that control." *Id.* (quoting *Commonwealth v. Thompson*, 779 A.2d 1195, 1199 (Pa. Super. 2001)).

The Superior Court in *Parker* determined that based on the facts that the defendant was the sole occupant of the vehicle at the time it was stopped, that a large portion of the gun was visibly exposed to the defendant, and the defendant's admission to the gun being his, constructive possession was established. 847 A.2d at 751.

Additionally, this court looks to the case of *Commonwealth v. Boatwright*, 453 A.2d 1058 (Pa. Super. 1982). In *Boatwright*, the defendant was convicted for the crime of carrying firearm without license; defendant subsequently appealed. The evidence presented by the Commonwealth established that the arresting officer

observed the defendant seated in the front passenger seat of the vehicle making gestures or movements towards his left rear. When the officer opened the door of the automobile and asked appellant to get out, he shined a light onto the left rear floor of the vehicle and saw a gun. *Id.*

The *Boatwright* court held that for the Commonwealth to successfully prove joint constructive possession, it must present evidence to show that the defendant had both power to control the firearm and intent to exercise that control; the mere presence of the gun at the scene where it was found is insufficient to establish constructive possession. *Id.* at 910 (citing *Commonwealth v. Townsend,* 428 Pa. 281, 237 A.2d 192 (1968). As a result of the court's holding, the defendant's sentence was subsequently reversed.

After careful consideration of the evidence presented and consistent with the case law set forth in the preceding discussion, this court finds that in the case sub judice, there is insufficient evidence to prove that the juvenile had constructive possession of the handgun in question. Specifically, the Commonwealth has failed to establish any intent by the juvenile to exercise control of the weapon. At the first portion of the adjudication hearing, Officer Buswell testified to seeing the handgun on the seat were the juvenile had been sitting after the juvenile exited the vehicle. (N.T. Sept. 28, 2010, p. 13-14) Although the weapon was located in very close proximity to the juvenile, this presence alone is insufficient. There was no indication that the juvenile gestured underneath him, hesitated to exit the vehicle or conceal the weapon; such additional evidence may have persuaded this court to rule differently. Additionally, the court considered the facts

that the vehicle was stolen, and not familiar to the juvenile and that there were three other individuals sitting in the vehicle immediately before the handgun was discovered.

In light of the court's disposition of the charge of possession of firearm, firearms not to be carried without a license, the second charge of receiving stolen property must be dismissed. *Commonwealth v. Brady*, 560 A.2d 802 (Pa. Super. 1989)(to establish that defendant received or possessed stolen property, where the Commonwealth proceeds under a theory of joint or constructive possession, it must establish that defendant exercised conscious control or dominion over the stolen property).

## ORDER OF COURT

And now, March 7, 2011, this matter having been before the court for an adjudication hearing on September 28, 2010 and on March 2, 2011 with Daniel Soom, Esquire, appearing on behalf of the Commonwealth and Larry J. Puntureri, Esquire, appearing on behalf of the juvenile, A. Johnson, and the court having had the opportunity to make a thorough review of the record in the above captioned case, it is hereby ordered and decreed as follows:

1. In accordance with the attached opinion, the juvenile delinquency petition is hereby dismissed.

2. The juvenile shall remain in his current placement through Lawrence County Juvenile Probation.

3. The Office of the Prothonotary shall serve copies of this order and opinion upon counsel of record and the Juvenile Probation Office of Lawrence County.