Commonwealth *v.* Stein, Appellant.

Argued November 25, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*William T. Connor,* with him *John R. K. Scott,* for appellant.—There was error in the failure of the trial judge to charge the jury on the quantum of proof required to establish the alibi set up: Com. v. Andrews, 234 Pa. 597; Com. v. Barrish, 297 Pa. 160; Com. v. Westley, 300 Pa. 16.

*Bryan A. Hermes,* Assistant District Attorney, with him *John Monaghan,* District Attorney, for appellee.— The Commonwealth contends the failure of the trial judge to precisely define the degree of persuasion necessary to establish the alibi offered by the defendant, in the light of the charge as delivered, was not a basic or fundamental error and not required when the offense is a misdemeanor.

But the defense of an alibi is strictly a traverse of the Commonwealth's case just as any other answer, explanation or refutation: Turner v. Com., 86 Pa. 54.

OPINION BY MR. CHIEF JUSTICE FRAZER, January 5, 1932:

Appellant was tried in the Quarter Sessions of Philadelphia County on a charge of bribery, the jury returning a verdict of guilty with a recommendation of mercy. Her motion for a new trial being refused, she was sentenced to pay a fine of $500 and undergo imprisonment for six months in the Philadelphia County Prison. On appeal to the Superior Court, the judgment was affirmed by a divided court. This case comes before us upon an order signed by the president judge of the Superior Court, all the judges of that court concurring, pursuant to section 10 of the Act of June 24, 1895, P. L. 212.

Briefly, the facts are as follows: On the evening of September 27, 1930, at about eleven o'clock, Frederick A. Gordon, a sergeant of police, received a telephone

message to the effect that one Agnes Stein desired to meet him in front of the police station on Haines Street in Germantown, Philadelphia. Later that night at the appointed place, Gordon and Driscoll, a patrolman, met a woman, who said she was Agnes Stein. According to the testimony of these two officers, the woman whom they met said she had heard Germantown was a good place to "set a numbers racket." The testimony shows these words referred to an illegal lottery based on the daily reports of the New York Clearing House. She informed these officers that she would make it interesting to them if they would allow her to conduct this illegal game, said she would pay them regularly each week "for the protection we would give her," asked them to raid persons said to be in the same illegal lottery busi-ness in the vicinity so that the field would be left clear for her, and then produced and turned over to them $44 in bills. The money was marked for identification and turned over to the captain of the police district. Arrangements were made for a second meeting on Monday night, September 29th, at which time Officer Driscoll and Officer Cave met the same woman and at this meeting she gave a $10 bill to each of them, which money was also marked for identification and turned over to the police captain of the district. At this second meeting, the woman again said that she wanted the police to raid competing lottery businesses which she would tell them about.

A warrant was issued for the arrest of Agnes Stein and she was brought to trial. Appellant, defendant, denied that she was the woman mentioned in the transactions testified to by the police officers. She stated that she was sick at the time that these alleged occurrences took place and was confined at her home. Two witnesses, a maid and defendant's sister-in-law, corroborated her testimony, both testifying that she was confined to her home at the times it was alleged there was

solicitation to commit bribery on the street in front of the Fourteenth District Station House in Germantown.

Although appellant urged two grounds for reversal before the Superior Court, before us she adheres only to the second, which concerns the failure of the trial judge in his charge to the jury to instruct as to the quantum of proof required to establish the alibi set up. It was upon this point that two judges of the Superior Court dissented from the majority view which affirmed the lower court. Although the three police officers appearing for the Commonwealth testified that they positively identified defendant as the woman who gave them the money as a bribe, defendant testified she never saw the officers, did not know them, that she was not in Germantown on the occasions the officers testified she was there and at no time gave them money. In reading the charge to the jury, we find the trial judge sufficiently reviewed all of the alibi evidence but was silent on the question of the quantum of proof necessary to establish an alibi. His instruction adequately contains the facts introduced in evidence by the Commonwealth and also includes the statement that the "burden is upon the Commonwealth to prove beyond a well-founded, reasonable doubt, to present to you such facts as would convince men and women of ordinary intelligence of the guilt of the defendant...... The defendant is entitled to the benefit of any well-founded, reasonable doubt created by the testimony...... You must weigh the testimony both for the Commonwealth and for the defendant. The reasonable doubt must be such a doubt created in your minds which would cause you to hesitate, as it would in any serious transaction in life; and if there is such doubt created by the testimony, then under the law the defendant is entitled to the benefit of that doubt." The trial judge entirely neglected to instruct the jury that defendant need prove her alibi only "by a preponderance of the evidence" (Myers v. Com., 83 Pa. 131, 142; Com. v. Barrish, 297 Pa. 160,

170), or by "satisfactory proof" (Com. v. Szachewicz, 303 Pa. 410, 416), or by any other equivalent. Our cases uniformly hold that such an omission requires us to award a new trial: Com. v. Barrish, supra; Com. v. Andrews, 234 Pa. 597, 604; Com. v. Westley, 300 Pa. 16. We said in Com. v. Andrews, supra: "The defendant has a right, even though no request was made for the instruction, to have the jury fully advised as to the difference between the burden resting upon the Commonwealth to establish guilt, and that resting on the defendant with respect to the alibi set up. How are we to know that the jury did not reject the defendant's alibi because the evidence supporting it did not measure to high degree which excluded all reasonable doubt?" This court said in Com. v. Barrish, supra, page 168: "To permit evidence of an alibi to be considered by the jury without some instruction as to its probative value or the degree of persuasion necessary before it attains any value, would introduce a false note in the case, as it would permit the jury to adopt their own idea of its worth; they would have no standard to determine its effect. All evidence should have some degree of probative force. Any rule that takes from the evidence of alibi its capacity to raise a reasonable doubt as to the prisoner's guilt would be incorrect, and against the great weight of authority." Recently, we reaffirmed this rule in Com. v. Westley, 300 Pa. 16, 21, there criticizing alibi instructions which were "meager." We need not consider whether this rule must be more strictly applied in capital cases than in others, as the Commonwealth contends, for here we are faced with an utter and complete disregard of it—an omission this court, under no circumstances, can condone. The omission in the present case is to a greater extent subject to criticism because of the emphasis placed upon the quantum of proof required from the Commonwealth and the proximity of this instruction to the trial judge's review of the facts presented by defendant to establish her alleged

alibi. In view of defendant's right, even in the absence of a request for such instruction, to have the jury fully advised as to the burden of proof resting on defendant with respect to the alibi, and the difference of that burden from the burden resting upon the Commonwealth to establish guilt (Com. v. Andrews, supra), and the failure of the trial judge to recognize this right when he undertook to charge on both the facts offered by the Commonwealth and the facts alleged to prove innocence by an alibi, offered by defendant, together with an explanation of the Commonwealth's burden of proof, we must hold that, in his failure to mention to the jury the important difference between that burden and the quantum required of defendant, he fell into error.

The judgment is reversed and a new trial awarded.