## Commonwealth, Appellant, *v.* Bonomo.

Argued January 14, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and McBRIDE, JJ.

224

Arthur Silvcrblatt, Assistant District Attorney, with him Albert H. Aston, District Attorney, for appellant.

Conrad A. Falvello, with him Rocco C. Falvello, for appellee.

OPINION BY MR. JUSTICE McBRIDE, May 28, 1959:

The Commonwealth charged that the defendant had carnal knowledge of his niece (Marion Holliday), aged 14, on the 30th of December, 1956, thus resulting in an indictment for incestuous adultery and a separate indictment for statutory rape. A third indictment charged that on May 19, 1957, he contributed to the delinquency of Marion, and a fourth charged the same offense in respect of a young lad, Donald Meier, aged 15. The sufficiency of the evidence has not been attacked and it is unnecessary that we set it forth at length. It is stated in the opinion of the Superior Court, which is reported at 187 Pa. Superior Ct. 521. All charges were tried together resulting in a verdict of guilty. Motions for new trial and in arrest of judgment were overruled and the defendant was sentenced on the indictment for rape to imprisonment for not less than two nor more than five years. Sentences on the other indictments were suspended and the defendant was ordered to pay costs. Upon appeal to the Superior Court all judgments of conviction were reversed. We

allowed an appeal because of the importance to the administration of criminal justice of one of the questions involved. However, even though this is an appeal from the Superior Court, the whole proceeding is brought before us and we must consider it. Act of June 24, 1895, P. L. 212, §9, par. 4, 17 P.S. §195.

At the trial police officers were permitted, over objection, to testify in detail as to statements made to them by Donald Meier (in the absence of the defendant) during the course of their investigation. These statements were incriminatory of the defendant and their admission constituted prejudicial hearsay unless they were admitted for some legitimate purpose. The trial court, while carefully ruling that the statements were not admitted to show their truth, nevertheless held them to be admissible on the ground stated by the prosecuting attorney, that they were "facts elucidated in the course of an investigation by the state police".

It is true that this testimony related only to the two charges of corrupting morals of the minor children and had nothing to do directly with the charges of statutory rape and incestuous adultery. The trial court, in its disposition of the motion for new trial, held that the testimony was not hearsay because it was not offered for the purpose of proving the truth of the statements but "merely to outline to the jury the investigation made by the officer which culminated in the arrest of the defendant". For support the Court quotes from our decision in *Commonwealth v. Ricci*, 332 Pa. 540, 3 A. 2d 404, in which we said "Whenever the fact that the utterance was made is in issue rather than the truth of what was said, the utterance is not hearsay".

We reiterate that statement; but the difficulty with it in the present context is that the investigation was not "in issue". The trial court also supported the admission of such testimony "because it showed that the

officer acted in good faith and with reasonable cause". The good faith or the reasonableness of the prosecution was not in issue either. The policemen were not on trial for their actions and they were not being sued for slander. Hence the fact that the statements were made out of court and out of the presence of the defendant were incompetent and, as the trial court correctly stated, they were inadmissible hearsay to prove the truth of the facts stated. The error was compounded in the charge of the court in which the out-of-court statements of Donald Meier were referred to as "facts", were repeated in detail, and the jury was informed that they were received "in evidence to show that statements were made on the basis of which this prosecution was initiated". There was no justification for the admission of these statements and the Superior Court has correctly disposed of the point.

The defendant called a witness for the stated purpose of showing the bad reputation of the girl for chastity and morality while she was living in Hamburg, Pennsylvania, in 1955. The offense is alleged to have been committed while she was living at White Haven, Pennsylvania. The trial judge excluded the testimony on the ground that defendant is restricted to showing bad reputation in the community in which she lived at the time of the offense. Obviously the evidence, if admissible, was important to the defendant on the charge of statutory rape. The Superior Court has correctly held that the admissibility of such evidence does not depend upon any hard and fast rule in a case where a minor has recently come into the community in which the offense is alleged to have occurred and much must be left to the discretion of the trial judge in this case. That discretion was abused since a rigid application of the rule would, under the circumstances of this case, defeat the right of the defendant to have it

considered under the specific provisions of the applicable Act of Assembly of June 24, 1939, P. L. 872, §721, 18 P.S. §4721.

In its opinion the Superior Court correctly stated: "Certainly, it was not the intention of the legislature to limit the proof of bad reputation for chastity to a place to which the party had just become a resident and where it was impossible to have established a reputation of any kind."

We come then to the important question which moved us to bring the case here. The defense was an alibi. In support of it the defendant presented witnesses to show, in respect of the charges against him involving his conduct on December 30 and January 2, that he was at Danbury, Connecticut, on both of those days and could not have been present as the Commonwealth's evidence would indicate. It is sufficient to say that if his evidence were believed he could not have been properly convicted.

Defendant complained that the trial judge did not tell the jury that the alibi evidence alone may be sufficient to raise a reasonable doubt. No such request was specifically made. The trial judge, in answering this contention, cited *Commonwealth v. Kettering,* 180 Pa. Superior Ct. 247, 252, 119 A. 2d 580, where the Superior Court, quoting from *Commonwealth v. New,* 354 Pa. 188, 214, 47 A. 2d 450; *Commonwealth v. Jordan,* 328 Pa. 439, 445, 196 Atl. 10; and *Commonwealth v. Stein,* 305 Pa. 567, 571, 158 Atl. 563, said: "The jury must also be instructed that 'the evidence in support of the alibi may, with other facts in the case, raise the reasonable doubt of guilt which entitles a defendant to acquittal'."

We cannot say, in the absence of a sufficient request to so charge, it was error not to say that the evidence of alibi may itself raise such reasonable doubt. How-

228

ever, it is obviously true that it has that capacity. Since it is universally conceded that the alibi, standing alone, may warrant the jury in believing the defendant to be innocent, then certainly it must also be conceded that, standing alone, it may be sufficient to warrant them in having a reasonable doubt of his guilt.

The trial judge did not instruct the jury that the defendant had the burden of proving alibi only by a preponderance of evidence. He did refer to the alibi as a "defense", told the jury that "each fact which is necessary to a conclusion of guilt must be distinctly and independently proved by competent evidence. In other words, the burden is on the Commonwealth and it is required to prove that this Defendant was at the scene of the crime at the time alleged. Evidence in support of an alibi may, with other facts in the case, raise a reasonable doubt of guilt about which I spoke to you a moment ago, which entitled a defendant to an acquittal."

On motion for new trial complaint was made that the court should have instructed the jury that the burden was upon the defendant to prove the alibi by a fair preponderance of the evidence but not beyond a reasonable doubt in addition to the instruction that a reasonable doubt as to any essential element of the Commonwealth's case required an acquittal; in other words, the difference between the quantum of proof necessary to support the defense of alibi as compared with the burden of proof of the Commonwealth. In answer to that contention the trial judge, in his opinion, says: "The trial Judge deliberately and purposely made no reference whatsoever to the existence of any burden upon the defendant to prove the defense of alibi." He followed the suggestion of Chief Justice MAXEY in *Commonwealth v. Barnak*, 357 Pa. 391, 54 A. 2d 865.

Upon appeal to the Superior Court the judges thereof were divided on the question as to the necessity of advising the jury affirmatively that an alibi does not have to be supported by proof beyond a reasonable doubt but only by a fair preponderance of the evidence.

The history of what has become known as the defense of alibi has been troublesome in the administration of criminal justice throughout the country. In criminal cases there is a continuing presumption of innocence which does not exist in civil cases. Hence, in the latter, although the original burden is upon the plaintiff, the duty of producing evidence may shift from side to side. In a criminal case this situation cannot exist. It is the presumption of innocence which prevents it. The presumption of innocence grew up as a policy of law and is not based upon probabilities at all.[1] It represents the law's humane approach to the solution of a dispute which may result in the loss of life or liberty. Because of this concern the law has ordained that any government which seeks to take from any person his life or liberty has the burden of proving justification for doing so. It is the continuing presumption of innocence which is the basis for the requirement that the state has a never-shifting burden to prove guilt beyond a reasonable doubt. *Commonwealth v. Holgate,* 63 Pa. Superior Ct. 246. Since this presumption is with the defendant not only at the beginning of the trial but throughout all its stages, and even while the jury is considering its verdict, it is obvious that no contrary presumption can be indulged. Hence it has been said that all presumptions independent of evidence are in favor of innocence. *Watkins v. Prudential Insurance Co.,* 315 Pa. 497, 173 Atl. 644.

---

[1] Certainly it cannot be said that all or nearly all indicted persons are innocent. That would fly directly in the face of experience.

It is the law that in a criminal case, unlike a civil case, no binding instruction may be given in favor of the prosecution. This is true whether the evidence upon which the prosecution rests is oral or documentary and is equally true no matter how strong the proof proffered by the prosecution may be. It is because of this never-shifting burden upon the Commonwealth to prove every essential element of the charge it makes against the defendant that it cannot logically be said that the Commonwealth has the burden to prove the presence of such element while the defendant, at the same time, has the burden of proving its absence. Hence, whenever the prosecution relies upon proof that the defendant is present at the commission of the crime, it cannot be said with any show of reason that the defendant, who asserts he was absent, has any burden of proving it.

Although we held in an earlier case that a defendant who offers an alibi is said to have admitted the commission of the crime by someone, including all its essential elements, *Fife, Jones and Stewart v. The Commonwealth*, 29 Pa. 429, we have long ago discarded that notion. An alibi, in modern jurisprudence, admits none of the proof of the prosecution and specifically denies that the defendant did the criminal act. It is utterly inconsistent, therefore, for courts to hold the prosecution has the burden of proving every essential element beyond a reasonable doubt even where the defendant offers no evidence; but that if he does offer any evidence the prosecution is relieved of the burden to prove that one of the essential elements he challenges. This is equally true of what is called the risk of non-persuasion and of the burden of going forward with evidence. The courts of Pennsylvania have wrestled long and unsuccessfully with this question of burden of proof. Years ago it was error for the trial judge to fail to call to the attention of the jury the na-

ture of the affirmative defense of alibi and to fail to tell the jury that defendant had the burden of proving it only by a preponderance of the evidence. We have gone so far as to say that this was error even though the defendant made no request for such a charge and during the trial may not have wanted such a charge. *Commonwealth v. Stein,* 305 Pa. 567, 571, 158 Atl. 563; *Commonwealth v. Andrews,* 234 Pa. 597, 83 Atl. 412. Such nice distinctions have no place in a practical jurisprudence. There is no point in saying to a jury that the defendant must satisfy their minds of his innocence followed by a statement that he does not have to satisfy their minds but need only cause them to pause or hesitate as to his guilt.

Chief Justice MAXEY, in *Commonwealth v. Barnak,* 357 Pa. 391, 54 A. 2d 865, made a suggestion which the trial judge in this case followed, only to have the Superior Court divide on the question of whether he did right. Both groups of Judges, although they come to contrary conclusions, rely upon our decisions as their authority. Since the trial of the present case Mr. Justice BELL pointed out in *Commonwealth v. Richardson,* 392 Pa. 528, 140 A. 2d 828, after reviewing many prior decisions, that a practical rule ought to be evolved. Following that suggestion we deem it our duty to set forth explicitly the rule which shall be followed hereafter in this jurisdiction. The Commonwealth has the burden of proving every essential element necessary for conviction. If the defendant traverses one of those essential elements by evidence of alibi, his evidence will be considered by the jury along with all the other evidence. It may, either standing alone or together with other evidence, be sufficient to leave in the minds of the jury a reasonable doubt which, without it, might not otherwise exist. It will be the duty of the trial judge to carefully instruct the jury

as to the relationship of the evidence of the prosecution and the evidence of the defendant as each bears upon the essential elements of the crime charged. This must be done without unfair disparagement although the trial judge must be left free to comment upon the evidence, as he has done heretofore, so long as he leaves the jury free to find its own true verdict.

· In the present case the trial judge was fully justified in his deliberate decision not to confuse the jury by telling them that the defendant had the burden of proving his alibi, but that even though he did not prove it to their satisfaction it still might raise a reasonable doubt.

The order of the Superior Court is affirmed.

CONCURRING OPINION BY MR. JUSTICE BELL:

I cannot agree with everything which is stated in the majority opinion on the subject of presumptions, and affirmative defenses, and particularly the important issue of "alibi"—hence this concurring opinion.

. While there has been conflict in the authorities as to the necessity of a *particular* charge by the Court on the subject of alibi, the law has been well settled that: (1) the Commonwealth has the burden of proving defendant's guilt beyond a reasonable doubt;* and (2) alibi is an affirmative defense which must be proved by a preponderance of the evidence. See my opinion in *Commonwealth v. Richardson,* 392 Pa. 528, 140 A. 2d 828. However, experience has demonstrated that a Court's charge on the burden of proof of "alibi", even when technically accurate, is ofttimes confusing. Therefore, I welcome the change which I have long advo-

---

* *Commonwealth v. Donough,* 377 Pa. 46, 103 A. 2d 694, contains a definition of reasonable doubt.

cated* that where a defendant offers proof of an alibi in a criminal case, in order to avoid confusing the jury, it is imperative that we *direct* the trial Judge to *omit* from his charge any reference to the fact that defendant has the burden of proving an alibi by a preponderance of the evidence, and merely charge the jury *substantially* as follows: "The Commonwealth has the burden of proving beyond a reasonable doubt that the crime of . . . was committed, and that defendant committed or participated in the commission of it. Defendant has offered evidence of an alibi, that is, he offered evidence to prove that he was not present at the place where the crime was committed but was in . . . Defendant's evidence in support of his alibi, either alone or together with any other evidence in the case, may be sufficient to raise a reasonable doubt of defendant's guilt. If you have a reasonable doubt of defendant's guilt you must of course acquit him."

---

* And which Chief Justice MAXEY advocated in *Commonwealth v. Barnak*, 357 Pa. 391, 406, 54 A. 2d 865.