**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Jay Paul KOLLER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 29, 1998.
Filed Nov. 4, 1998.

Scott D. Pellinger, Towanda, for appellant.

Rosannette R. Abrams, Dist. Atty., Towanda, for Com., appellee.

Andra F. McKenna, Deputy Atty. Gen., Harrisburg, Intervenor.

Karl Baker, Asst. Public Defender, Philadelphia, amicus curiae.

Before CAVANAUGH, EAKIN and STEVENS, JJ.

PER CURIAM:

Vacated; Remanded for resentencing; Jurisdiction relinquished.

Concurring opinion by STEVENS, J.

STEVENS, Judge, concurring:

I agree that this case must be remanded for resentencing pursuant to this Court's en banc decision in *Commonwealth v. Halye*, —— Pa.Super. ——, 719 A.2d 763 (Pa.Super. 1998) (*en banc*). However, I write separately to express my disagreement with the majority's decision in *Halye*.[1] The majority's opinion fails, for example, to even consider the presumption of constitutionality, which is afforded to every statute. The majority opinion, by ignoring the presumption of constitutionality of a statute, invalidates an important policy decision made by the duly elected Pennsylvania Legislators. As President Judge Stephen J. McEwen, Jr. notes in his concurring opinion to *Halye*, "the violent sexual abusers and offenders must be severely punished and subjected to prolonged confinement." *Halye*, 719 A.2d at ——, slip op. at 2 of concurring opinion (McEwen, P.J., concurring). Yet, the majority opinion conveniently displaces the legitimate public policy interests of the Act. Nowhere in the majority opinion is there recognition of the legal principle that there is a heavy burden placed on one who challenges the constitutionality of

a statute. Moreover, I agree with the conclusion of the Honorable Kate Ford Elliott in her concurring and dissenting opinion in *Halye* and would find that the Due Process Clause of the United States Constitution is not violated by placing the burden of persuasion on a defendant to rebut the presumption that he is a "sexually violent predator."

In construing the statutory provision at issue, I note the rules of law pertaining to statutory interpretation. The Pennsylvania Supreme Court has consistently held that enactments of the General Assembly enjoy a strong presumption of constitutionality. *Commonwealth v. Barud*, 545 Pa. 297, 304, 681 A.2d 162, 165 (1996) (citing *Commonwealth v. Mikulan*, 504 Pa. 244, 247, 470 A.2d 1339, 1340 (1983)). All doubts are to be resolved in favor of sustaining the constitutionality of the legislation. *Commonwealth v. Blystone*, 519 Pa. 450, 463, 549 A.2d 81, 87 (1988), *affirmed*, 494 U.S. 299, 110 S.Ct. 1078, 108 L.Ed.2d 255 (1990) (citing *Hayes v. Erie Ins. Exchange*, 493 Pa. 150, 155, 425 A.2d 419, 421 (1981)). "Nothing but a clear violation of the Constitution – a clear usurpation of powers prohibited – will justify the judicial department in pronouncing an act of legislative department unconstitutional and void." *Glancey v. Casey*, 447 Pa. 77, 88, 288 A.2d 812, 817 (1972) (quoting *Busser v. Snyder*, 282 Pa. 440, 449, 128 A. 80 (1925)). In other words, "we are obliged to exercise every reasonable attempt to vindicate the constitutionality of a statute and uphold its provisions." *Commonwealth v. Chilcote*, 396 Pa.Super. 106, 578 A.2d 429, 435 (Pa.Super.1990) (quoting *Commonwealth v. Trill*, 374 Pa.Super. 549, 543 A.2d 1106, 1116 (Pa.Super.1988)). "The right of the judiciary to declare a statute void, and to arrest its execution, is one which, in the opinion of all courts, is coupled with responsibilities so grave that it is never to be exercised except in very clear cases." *Erie & North–East Railroad Co. v. Casey*, 26 Pa. 287, 300–301 (1856). Moreover, one of the most firmly

---

1. I note that *Commonwealth v. Gaffney*, 702 A.2d 565 (Pa.Super.1997), *appeal granted*, 551 Pa. 307, 710 A.2d 605 (1998), which addresses the constitutionality of the Act, is presently before the Pennsylvania Supreme Court. I further note

that *Gaffney* addresses the issue of whether the registration requirement under the Act constitutes punishment, an issue not presented in the case *sub judice*.

established principles of our law is that the challenging party has a heavy burden of proving an act unconstitutional. *Barud*, supra. In order for an act to be declared unconstitutional, the challenging party must prove the act "clearly, palpably and plainly" violates the constitution. *Barud, supra. See Blystone, supra.*

The General Assembly's exercise of the Commonwealth's police power through the enactment of safety and welfare regulation, such as the Act, must be respected by the Courts:

> The power of judicial review must not be used as a means by which the courts might substitute its judgment as to public policy for that of the legislature. The role of the judiciary is not to question the wisdom of the action of [the] legislative body, but only to see that it passes constitutional muster. So long as a law which purports to be an exercise of police power is not arbitrary, discriminatory, or demonstratively irrelevant to the policy of the legislation, the court has no power to declare it unconstitutional.

*Finucane v. Pennsylvania Marketing Bd.*, 136 Pa.Cmwlth. 272, 582 A.2d 1152, 1154 (Pa.Cmwlth.1990) (citations omitted). When reviewing Appellant's claim, this Court must bear in mind that legislative enactments, such as the Act at issue, are presumed to be constitutional and a valid exercise of police powers.

The majority in *Halye* completely ignores the presumption of constitutionality and the heavy burden placed on one who challenges the constitutionality of a statute. By ignoring this presumption and burden, the majority forces its own policy decisions on the citizens of our Commonwealth. In short, the majority makes a legislative decision, which is best left to our duly elected senators and representatives.

At issue is 42 Pa.C.S.A. § 9794(b), which requires a person found guilty of certain enumerated sexual offenses to rebut by clear and convincing evidence the presumption that he is a sexually violent predator. Under the provisions of Section 9794, once a defendant has been convicted of a sexually violent crime, the court orders an assessment of the offender's status by the State Board to Assess Sexually Violent Predators (as constituted in Section 9799.3). The assessment board considers the various factors set forth in Section 9794(c) and provides the court with a written report as to its assessment of the offender. *Halye, supra* (Ford Elliott, J., concurring and dissenting). Failure to rebut this presumption subjects a defendant to a mandatory maximum sentence of prison for the rest of the defendant's natural lifetime. 42 Pa.C.S.A. § 9799.4(a).[2] The appellant in this case and in *Halye* alleged that Section 9794(b) violates the Due Process Clause of the United States Constitution.

The Fourteenth Amendment to the Constitution states that "no person shall be deprived of life, liberty, or property without due process of law." U.S. Const. Amend. XIV. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)). However, "due process is a concept incapable of exact definition; rather, it is a flexible notion which calls for such procedural safeguards as a particular situation demands to ensure fundamental fairness to a potentially aggrieved litigant." *Plowman v. Plowman*, 409 Pa.Super. 143, 597 A.2d 701 (Pa.Super.1991) (quoting *Corra v. Coll*, 305 Pa.Super. 179, 451 A.2d 480, 482 (Pa.Super.1982)).

In criminal cases, there is a continuing presumption of innocence resulting in the state having a never-shifting burden to prove guilt beyond a reasonable doubt. *Commonwealth v. Wagaman*, 426 Pa.Super. 396, 627 A.2d 735, 737 (Pa.Super.1993) (citing *Commonwealth v. Bonomo*, 396 Pa. 222, 229, 151 A.2d 441, 445 (1959)). The due process clause prevents the court from giving the

---

2. 42 Pa.C.S.A. § 9799.4(a) Increased mandatory maximum sentence provides: "Upon the court's finding that the offender is a sexually violent predator, the offender's maximum term of con-finement for any offense or conviction specified in section 9793(b) shall be increased to the offender's lifetime notwithstanding lesser statutory maximum penalties for these offenses."

Commonwealth the benefit of a presumption which has an effect of relieving prosecution from its burden of proving beyond a reasonable doubt all of the elements of the crime charged. *Commonwealth v. Sattazahn,* 428 Pa.Super. 413, 631 A.2d 597 (Pa.Super.1993). In *Walton v. Arizona,* 497 U.S. 639, 642, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990), a plurality decision, the United States Supreme Court recognized that:

> so long as a State's method of allocating the burden of proof does not lessen the State's burden to prove every element of the offense charged a defendant's constitutional rights are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency.

In the case at bar, the presumption which Appellant attacks arises in a different stage of the proceedings than the presumption of innocence; therefore, the due process afforded in each differs. Here, Appellant pled guilty to a serious felony. Thus, the presumption of innocence was overcome. The presumption Appellant refers to, under Section 9794(b), arises after a verdict of guilt has been rendered when a defendant is no longer cloaked with the presumption of innocence and before sentencing. But, the presumption of innocence does not remain once "[the defendant] stands convicted of a serious felony upon proof beyond a reasonable doubt. His right to remain free from confinement has thus been extinguished, and he is subject to punishment." *Commonwealth v. Wright,* 508 Pa. 25, 39, 494 A.2d 354, 361 (1985), *affirmed sub nom., McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).

The convicted offender to whom the presumption applies has forfeited certain legal rights which would be maintained by a defendant not yet convicted who is still presumed innocent and ·who cannot constitutionally be required to carry a burden of proof relative to his guilt or innocence. In sentencing proceedings, however, where the presumption of innocence has been overcome, the constitutional requirements relative to due process are of a lesser standard. "Although sentencing proceedings must comport with due process, the convicted defendant need not be accorded 'the entire panoply of criminal trial procedural rights.' " *Wright* 508 Pa. at 36, 494 A.2d at 360 (quoting *Gardner v. Florida,* 430 U.S. 349, 358 n. 9, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977)). The Pennsylvania Supreme Court interpreted the United States Supreme Court as stating:

> Once it is determined that due process applies, the question remains what process is due. It has been said so often by this Court and others as not to require citation to authority that due process is flexible and calls for such procedural protections as the particular situation demands .... Its flexibility is in its scope once it has been determined that some process is due; it is a recognition that not all situations calling for procedural safeguards call for the same kind of procedure.

*Wright,* 508 Pa. at 36, 494 A.2d at 360 (citing *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)).

Moreover, the burden placed upon Appellant to rebut the presumption is no different than the burden placed on defendants at the sentencing phase to present factors to mitigate their sentence, which has been found to be constitutional. *Commonwealth v. Travaglia,* 502 Pa. 474, 499, 467 A.2d 288, 300 (1983) (capital sentencing statute places burden on the defendant of proving mitigating circumstances beyond a preponderance of the evidence). Also, as stated by Judge Ford Elliott, the burden under Section 9794(b) is similar to a defendant's burden with regard to pre-sentence reports. "Although a defendant may object to matters contained in a pre-sentence report, the Commonwealth has no burden to prove any matter contained in the report. This is true even when a sentence enhancement hinges on additional facts not otherwise in evidence in the guilt-determining phase." *Halye,* 719 A.2d at —— slip op. at 6 of concur/dissent (Ford Elliott, J., concurring and dissenting) (citing *McMillan, supra* ) (finding by sentencing court of visible possession of a firearm in commission of crime is a constitutional sentencing enhancement factor and not an element of the crime which required proof beyond a reasonable doubt). *See Commonwealth v. Allen,* 508 Pa.

114, 494 A.2d 1067 (1985) (evidence of prior violent felony conviction pursuant to 42 Pa. C.S.A. § 9714 could be introduced at sentencing to allow imposition of increased sentence for repeat violent offenders).

Based on the aforesaid law, it is clear that placing the burden of proof on Appellant to rebut the presumption of being a sexually violent predator does not violate due process of law and is constitutional.

Although not discussed in *Halye, supra,* I would further find that Section 9794(b)'s "clear and convincing" standard does not violate the Due Process Clause. "The function of a standard of proof, as that concept is embodied in the Due Process Clause and in the realm of factfinding, is to 'instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication.'" *Addington v. Texas,* 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979) (quoting *In re Winship,* 397 U.S. 358, 370, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). In any given proceeding, the minimum standard of proof tolerated by the due process requirement reflects the weight of the private and public interests affected and societal judgment about how the risk of error should be distributed between the litigants. *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

In assessing Section 9794(b)'s clear and convincing standard, one must weigh the liberty interest of Appellant against the Commonwealth's interest in imposing a mandatory maximum sentence and determine how the risk of error should be distributed between the two parties in the sentencing proceeding. The private interest at stake here is the liberty interest of a convicted sex offender to be free from the imposition of a maximum life sentence. However, before an offender can invoke a due process claim for loss of liberty, there must be a protectable interest. "Unlike cases in which a fundamental liberty interest is at stake, e.g., *Santosky, supra,* (involuntary termination of parental rights), here the defendant's fundamental right, i.e., freedom from confinement, has already been forfeited." *Wright,* 508 Pa. at 39, 494 A.2d at 362. Appellant has

been convicted of a crime and is already subject to confinement. Further, due process does not extend to the protection of Appellant's personal relationships and reputation within the community. According to the United States Supreme Court, a loss of reputation alone cannot support the procedural protection of the due process clause. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Therefore, Appellant's private interest is of minimal importance and pales in comparison to the governmental interest in protecting the safety and general welfare of the public from sexual predators.

The legislature clearly set forth, in specific and detailed findings, that the purpose of the Act is to protect Pennsylvania's innocent children from sexually violent predators. Specifically, 42 Pa.C.S.A. § 9791 provides:

(a) Legislative findings – It is hereby determined and declared as a matter of legislative finding:

(1) If the public is provided adequate notice and information about sexually violent predators and certain other offenders, the community can develop constructive plans to prepare themselves and their children for the offender's release. This allows communities to meet with law enforcement to prepare and obtain information about the rights and responsibilities of the community and to provide education and counseling to their children.

(2) These sexually violent predators pose a high risk of engaging in further offenses even after being released from incarceration or commitments and that protection of the public from this type of offender is a paramount governmental interest.

(3) The penal and mental health components of our justice system are largely hidden from public view and lack of information from either may result in failure of both systems to meet this paramount concern of public safety.

(4) Overly restrictive confidentiality and liability laws governing the release of information about sexually violent predators have reduced the willingness to

release information that could be appropriately released from under the public disclosure laws and have increased risks to public safety.

(5) Persons found to have committed such an offense have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government.

(6) Release of information about sexually violent predators to public agencies and the general public will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems so long as the as the information released is rationally related to the furtherance of those goals.

(b) Declaration of policy – It is hereby declared to be the intention of the General Assembly to protect the safety and general welfare of the people of this Commonwealth by providing for registration and community notification regarding sexually violent predators who are about to be released from custody and will live in or near their neighborhood. It is further declared to be the policy of this Commonwealth to require the exchange of relevant information about sexually violent predators among public agencies and officials and to authorize the release of necessary and relevant information about sexually violent predators to members of the general public as a means of assuring public protection and shall not be construed as punitive.

The General Assembly was clear in its purpose in enacting the Act: The government's interest in protecting the safety and welfare of Pennsylvania's helpless children who are incapable of protecting themselves, by empowering the community with knowledge of violent sex offenders, far outweighs any liberty interest of Appellant's that may be affected from a mere enhancement of an already received prison sentence.

Having balanced Appellant's individual interest against the public's interest, I conclude that the risk of error should lie with the defendant, who is the only one who has the information needed to rebut the presumption. Further, the risk of an erroneous deprivation of Appellant's liberty by requiring Appellant to rebut the presumption by clear and convincing evidence is slight because Appellant is already convicted of a serious felony; hence, subject to confinement. "In cases involving individual rights, whether criminal or civil, '[t]he standard of proof [at a minimum] reflects the value society places on individual liberty.'" *Addington*, 441 U.S. at 425, 99 S.Ct. 1804 (quoting *Tippett v. Maryland*, 436 F.2d 1153, 1166 (4th Cir.1971)). As stated earlier, Appellant's liberty interest is meager, having been convicted of a very serious felony. As such, I conclude that it is not unconstitutional to require Appellant to rebut the presumption that he is a sexually violent predator by a standard of clear and convincing evidence.

In conclusion, being bound by this Court's *en banc* decision in *Halye*, I agree that Appellant's judgment of sentence must be vacated and that this case must be remanded for resentencing absent application of the provisions of the Act. However, I believe that the Act, Megan's Law, is constitutional, and, therefore, absent *Halye*, I would affirm.