J-S10040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ADDAN PAYNE, :
:
Appellant : No. 1347 EDA 2016

Appeal from the Judgment of Sentence March 9, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006665-2015

BEFORE: BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 08, 2018**

Appellant Addan Payne appeals from the judgment of sentence imposed following his convictions for possession with intent to deliver a controlled substance (PWID), conspiracy to commit PWID, and possession of a controlled substance.[1] Appellant claims that there was insufficient evidence supporting his PWID conviction and that the trial court improperly shifted the burden onto Appellant when finding him guilty. We affirm the convictions for PWID, conspiracy to commit PWID, and possession. However, we vacate the judgment of sentence and remand for resentencing

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 903, and 35 P.S. § 780-113(a)(16), respectively.

as the convictions for possession and PWID should have merged for sentencing purposes.

On December 16, 2015, the Honorable Vincent Melchiorre presided over Appellant's bench trial. During the trial, the Commonwealth called Officer Keya Mason to testify. Officer Mason testified that she has nineteen years of experience in drug cases and the last two of those years she has been with the Narcotics Enforcement Team (NET Team). N.T., 12/16/15, at 10. She testified that on the evening of April 3, 2015, she was part of the NET Team conducting surveillance in the area of the 4200 block of Odgen Street. *Id.* at 9-10. Officer Mason stated that she observed Appellant wearing a gray-hooded jacket, red pants, and red sneakers. *Id.* at 11. Officer Mason continued that Appellant was accompanied by a female, later identified as Shirley Stevens, who was wearing a blue jean jacket, green cargo pants, and a white scarf. *Id.*

Officer Mason testified that she was located approximately one city block away, had a clear and unobstructed view, and was using binoculars. *Id.* at 12, 21. She further testified that streetlights illuminated the area where Appellant was located. *Id.* at 44-45. During her surveillance, Officer Mason observed a black male, later identified as Albert Tomlin, riding a motorized scooter. *Id.* at 14. Tomlin rode up to the middle of the street where Stevens approached him, they had a brief conversation, and Tomlin gave Stevens an unknown amount of U.S. currency. *Id.* Stevens then walked over to Appellant and gave him the money. *Id.* at 15. Appellant

proceeded to walk into an alleyway for approximately thirty seconds and when he returned, he handed small items to Stevens. *Id.* Stevens then went back to Tomlin and gave him the small items. *Id.* at 16. Tomlin then left. *Id.* Officer Mason relayed this information to backup officers who stopped Tomlin and recovered two green-tinted heat-sealed Ziploc packets of crack cocaine. *Id.* at 16-17.

Officer Mason continued her surveillance and observed a white pick-up truck arrive at the location where Appellant and Stevens were. *Id.* at 17. Officer Mason testified that, this time, Appellant approached the passenger in the pick-up truck, later identified as Patrick Kim. *Id.* Kim extended his hand out the window and gave Appellant U.S. currency. *Id.* Appellant walked into the same alleyway and upon returning, handed small items to Kim. *Id.* at 19. Officer Mason relayed this information to her backup officers, who stopped the vehicle and recovered from the driver, Kelly Wilson, three clear heat-sealed Ziploc packets containing crack cocaine. *Id.*

Officer Mason testified that after these two transactions, he notified his backup officers to arrest Appellant. *Id.* at 20. Officer Nicholas Martella arrested Appellant and recovered $348 from different pockets. *Id.* The backup officers also searched the alleyway where Appellant had twice entered but could not find anything. *Id.* No narcotics were recovered from the Appellant. *Id.* at 43.

The Commonwealth also called Officer Daniel Mammola and Officer Patrick DiDomenico to testify. Officer Mammola testified that he was the

officer that stopped Tomlin and retrieved from him two green-tinted heat-sealed Ziploc packets of crack cocaine. *Id.* a 50. Officer DiDomenico testified that he arrested Wilson and Kim. *Id.* at 54. He testified that, from Wilson's hand, he recovered three clear heat-sealed Ziploc packets containing crack cocaine. *Id.* The officer did not testify that he recovered drugs from Kim. Officer Martella, who was also called to testify, stated that he conducted field testing, a NIK-G test, on the drugs. *Id.* at 61.

Judge Melchiorre convicted Appellant as charged. On March 9, 2016, the trial court[2] sentenced Appellant to two to four years' incarceration for PWID and a concurrent two to four years' incarceration for conspiracy to commit PWID. The trial court further imposed a consecutive two years' probation for Appellant's conviction for possession of a controlled substance.

On March 16, 2016, Appellant filed his post-sentence motion for reconsideration, claiming that his sentence was excessive. *See* Motion for Reconsideration, 3/16/16. The docket indicates that Appellant filed a motion to withdraw his post-sentence motion for reconsideration, which the trial court granted on April 18, 2016. *See* Docket at 8.

On April 27, 2016, Appellant filed a timely notice of appeal. Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise

---

[2] A different judge presided over Appellant's sentencing as the trial judge was absent from the bench at the time of the sentencing hearing.

statement of errors complained of on appeal.

On August 23, 2017, the sentencing judge filed a letter[3] in which she stated that she did not preside over the waiver trial. **See** Sentencing Ct. Op., 8/23/17. She indicated that Appellant complained of errors that occurred during the trial, and not the sentencing phase. **Id.** Thus, she explained, it would be inappropriate for her to write the Pa.R.A.P. 1925(a) opinion. **Id.** The sentencing judge further stated that she had "requested a written explanation of Judge Melchiorre's ruling [but that he] ha[d] not obliged th[e] [c]ourt's request."[4] **Id.**

Appellant raises the following issues on appeal:

1. The trial court erred in finding Appellant guilty of all charges because the evidence was insufficient to prove Appellant ever possessed a controlled substance with the intent to deliver. The Commonwealth's witness was not able to state what passed between Appellant and supposed customers, no drugs were recovered from Appellant, and the drugs taken from supposed buyers did not match each-other. Therefore, Appellant challenges the sufficiency of the evidence.

_____

[3] While the document is titled "Opinion," the sentencing judge stated it did not constitute the Pa.R.A.P. 1925(a) opinion. **See** Sentencing Ct. Op., 8/23/17.

[4] This Court may consider this appeal although the trial judge did not file its Pa.R.A.P. 1925(a) opinion. **See Commonwealth v. Hood**, 872 A.2d 175, 178 (Pa. Super. 2005) (noting that while the purpose of a Rule 1925(a) opinion is "to provide the appellate court with a statement of reasons for the order . . . to permit effective and meaningful review," failure to file a Rule 1925(a) opinion is not necessarily fatal to our review).

2. Did the court improperly burden shift when finding the Appell[ant] guilty?

Appellant's Brief at vi (full capitalization omitted).[5]

As a prefatory matter, we note that while Appellant purports to raise a sufficiency claim, he is essentially challenging the weight of the evidence. In Appellant's first issue, he argues that the evidence was insufficient to support his PWID conviction. He claims that because no evidence was found on his person, the Commonwealth was required to prove constructive possession. Appellant contends that the Commonwealth did not meet this burden because the Commonwealth's witness, Officer Mason, "could not testify that she heard any drug related conversations, could not see what was passed, was making her observations from a distance that was at least a 'city block' at eight o'clock in the evening" without the use of binoculars, the alleged buyers were found in possession of drugs with different packaging,[6] no drugs were located in the alleyway, and Appellant was not in

_____

[5] While Appellant's first issue purports to challenge all of his convictions, the argument section of his brief only addresses the PWID conviction. *See* Appellant's Brief at 1-4. Because Appellant includes no argument as to why there is insufficient evidence to support his conspiracy conviction, we find this claim waived. *See Commonwealth v. Spotz*, 18 A.3d 244, 327 (Pa. 2011) (finding appellant's issue waived where he did not set forth "reasoned and developed arguments supported with citations to relevant legal authority").

[6] Appellant argues that the items seized from the alleged buyers "did not match each-other" and that the buyers were not "found to be in possession of drugs of the same sort of packaging." Appellant's Brief at 1, 4.
*(Footnote Continued Next Page)*

possession of a suspicious amount of money. Appellant's Brief at 4. Therefore, Appellant argues, "[w]here the Commonwealth rests its claim of proof of criminal charges upon such unreliable testimony, a guilty verdict shocks one's sense of justice, and should be set aside." *Id.*

Appellant is essentially challenging the credibility of Officer Mason's observations and testimony. A challenge to the credibility of a witness goes to the weight of the evidence, not the sufficiency. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281-82 (Pa. Super. 2009) ("An argument that the finder of fact should have credited one witness' testimony over that of another witness goes to the weight of the evidence[.]" (citation omitted)); *see also Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003) (providing that a review of the sufficiency of the evidence does not include an assessment of the credibility of testimony; such a claim goes to the weight of the evidence). Therefore, Appellant is challenging the weight of the evidence, not the sufficiency. Appellant, however, has waived any challenge to the weight of the evidence for failure to include it in his Pa.R.A.P. 1925(b) statement. *See Commonwealth v. Lord*, 719 A.2d 306,

_____
*(Footnote Continued)*   ———————————

We note that Appellant did not develop his argument regarding the mismatched packaging. A review of the trial transcript indicates that the drug packaging recovered from Tomlin was green, while the drug packaging recovered from Wilson was clear. *See* N.T., 12/16/15, at 17, 19.

309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived."); *see also* Pa.R.A.P. 1925(b)(4)(vii).

To the extent that Appellant has properly raised a sufficiency claim, we find it meritless. We apply the following standard when reviewing a sufficiency claim:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Roberts*, 133 A.3d 759, 767 (Pa. Super. 2016) (citing *Commonwealth v. Brooks*, 7 A.3d 852, 856-57 (Pa. Super. 2010)).

A defendant is guilty of PWID when the Commonwealth proves beyond a reasonable doubt "that the defendant possessed a controlled substance with the intent to deliver it." *Commonwealth v. Kirkland*, 831 A.2d 607, 611 (Pa. Super. 2003) (citation omitted). "It is well settled that `[i]n

narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband.'" ***Roberts***, 133 A.3d at 767 (citation omitted).

Initially, we note that when no narcotics are found on a defendant, the Commonwealth must prove constructive possession. ***Id.*** at 767; ***Kirkland***, 831 A.2d at 610. "Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not." ***Roberts***, 133 A.3d at 768 (citation omitted). It has been defined as "conscious dominion," which in turn has been defined as "the power to control the contraband and the intent to exercise that control." ***Id.*** (citation omitted). "To aid application, we have held that constructive possession may be established by the totality of the circumstances." ***Id.*** (citation omitted).

Regarding the intent to deliver, "[t]he trier of fact may infer that the defendant intended to deliver a controlled substance from an examination of the facts and circumstances surrounding the case." ***Kirkland***, 831 A.2d at 611 (citation omitted). "[T]he Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence." ***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1237 (Pa. 2007) (citing ***Commonwealth v. Drummond***, 775 A.2d 849, 853-54 (Pa. Super. 2001)). While a large quantity is often indicative of intent to deliver, ***Roberts***, 133 A.3d at 768, "the amount of the controlled substance is not 'crucial to establish an

inference of possession with intent to deliver,'" ***Ratsamy***, 934 A.2d 1237 (citation omitted). Other factors we may consider are the method of packaging, the form of the drug, behavior of the defendant, presence of drug paraphernalia, sums of cash found on the defendant, and expert testimony. ***See Roberts***, 133 A.3d at 768; ***Kirkland***, 831 A.2d at 611.

In the instant case, no narcotics were found on Appellant at the time of his arrest. N.T., 12/16/15, at 43. However, we reject Appellant's argument that the Commonwealth did not meet its burden beyond a reasonable doubt. A review of the facts and circumstances of the instant case shows that Officer Mason, an officer with nineteen years of experience, was observing Appellant. ***Id.*** at 10. Officer Mason had an unobstructed view of Appellant, who was standing in an area lit by streetlights. ***Id.*** at 12, 44-45. Officer Mason testified at trial that she saw a scooter approach. ***Id.*** at 14. She testified that she saw an individual give currency to Stevens, who walked towards Appellant and gave him the currency. ***Id.*** at 14-15. Appellant walked into an alleyway and returned with small items that he gave to Stevens. ***Id.*** at 15. Stevens then walked towards the scooter and gave the small items to the individual. ***Id.*** at 16.

Officer Mason further testified that she subsequently saw another vehicle approach, this time a white pick-up truck. ***Id.*** at 17. She saw Appellant approach the vehicle and receive currency from the passenger,

Kim. *Id.* Appellant again walked into the alleyway and, upon returning, gave small items to the passenger. *Id.* at 19.

Further, when the backup officers stopped the scooter and the pick-up truck, the officers recovered two green-tinted heat-sealed Ziploc packets and three clear heat-sealed packets, respectively. *Id.* at 16-17, 19. Field testing revealed the packets contained crack cocaine. *Id.* at 61. Finally, upon arresting Appellant, the officers recovered $348 in cash. *Id.* at 20.

Therefore, we conclude there was sufficient circumstantial evidence to establish that Appellant had possession and control over the narcotics found on Tomlin and Wilson. *See Roberts*, 133 A.3d at 768. Based on the totality of the circumstances, the evidence was sufficient to support Appellant's convictions for PWID, conspiracy to commit PWID, and possession. *See Ratsamy*, 934 A.2d 1237.

In Appellant's next issue, he cites to several cases for different propositions, including, *Commonwealth v. Wagaman*, 627 A.2d 735, 736 (Pa. Super. 1993) (discussing the Commonwealth's burden of proof); *Commonwealth v. Garrett*, 222 A.2d 902 (Pa. 1966) (holding that mere presence at the scene of the crime is insufficient to establish guilt); and *Commonwealth v. Bonomo*, 151 A.2d 441 (Pa. 1959) (discussing the presumption of innocence). Appellant argued the following in his brief:

> [W]hen the trial court ruled[,] it explicitly stated one of the reasons for a finding of guilt was the **lack** of defense on the part of trial counsel:

> [T]here's been no defense of misidentification. There's no defense that the transaction between the young lady, as stated, accepting money from a scooter, taking the money to [Appellant], [Appellant] going to the alleyway -- I heard hundreds of these cases, and that's the way it goes.

Appellant's Brief at 6 (emphasis in original) (citing N.T., 12/6/15, at 70).

The Commonwealth disagrees with Appellant's interpretation of the trial court's statements. *See* Commonwealth's Brief at 11. The Commonwealth argues that the trial court, sitting as the fact-finder, was merely answering Appellant's closing argument that there was no indication that Appellant was the person involved in the transactions. *Id.* The Commonwealth further argues that the trial court was summarizing the testimony rather than shifting the burden. *Id.* We agree.

During closing arguments, both Appellant and the Commonwealth made arguments that the trial court addressed when providing his rationale for finding Appellant guilty. For example, during Appellant's closing argument, trial counsel stated: "So there's no indication beyond a reasonable doubt that my client is the person who is involved in these transactions." N.T., 12/16/15, at 64. Similarly, during the Commonwealth's closing argument, counsel for the Commonwealth stated: "And you can't take [trial counsel's] statements out of context and really trying to impeach the officer by taking it out of context. The only thing the officer really got impeached on was the [color of] the sneakers[.]" *Id.* at 68-69.

The trial court stated the following after the completion of closing arguments by counsel:

> Well, [trial counsel] trying to impeach is doing her job as counsel, and poking holes is part of her job. I understand that.
>
> The officer's much, much, much younger than I am, and I have trouble seeing the color of money from here to there a block away in the dark. That can -- may be a stretch, but I think the police testified to that because, in their business, they understand what it is. Whether they could see it or not, they assume what it is.
>
> And I wish more officers -- they would say, "I assume that's what it was," because that's what happened, rather than . . .
>
> A city block is probably a lot further than three courtrooms.
>
> But given that, I have to take the totality of the circumstances. And there's been no defense of misidentification. There's no defense that the transaction between the young lady, as stated, accepting money from a scooter, taking the money to [Appellant], [Appellant] going to the alleyway -- I heard hundreds of these cases, and that's the way it goes.
>
> Open air-sales, drive-up sales are not -- well, they are and are not stupid people, don't want the drugs on them, so they put them somewhere else.
>
> Given the totality of the circumstances and the clear testimony of the officers, I find [Appellant] guilty.

N.T., 12/16/15, at 69-71.

In reviewing the trial court's statements, we conclude that the court was discussing the findings supporting its verdict, in addition to addressing some of the points argued by both counsel during their closing arguments.

Lastly, we review the legality of the sentence imposed in this case. While Appellant has not raised an issue regarding the legality of his sentence, "[i]t is well settled that this Court may address the legality of a

- 13 -

sentence *sua sponte*." **Commonwealth v. McCamey**, 154 A.3d 352, 357 (Pa. Super. 2017) (citation omitted).

The trial court sentenced Appellant, in relevant part, to two to four years' incarceration for PWID and a consecutive two years' probation for possession of a controlled substance.[7]  **See** Sentencing Order, 3/9/16.  This Court has previously held that whether two sentences merge involves the legality of a defendant's sentence.  **See Commonwealth v. Jenkins**, 96 A.3d 1055, 1056 (Pa. Super. 2014).  Thus, our standard of review is *de novo* and our scope of review plenary.  **Id.** (citation omitted).

The Pennsylvania Sentencing Code provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

Therefore, two convictions merge for sentencing purposes when: "(1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other."  **Jenkins**, 96 A.3d at 1056; 42 Pa.C.S. § 9765.

---

[7] The trial court also sentenced Appellant to two to four years' incarceration for conspiracy to commit PWID, to run concurrently with the sentence imposed for PWID.

Here, although Appellant was involved in two separate transactions, a review of the record reveals that the PWID count encompassed both transactions. Moreover, the separate possession count encompassed both transactions. No additional contraband was recovered from Appellant's person or the alleyway. Thus, the crimes arise from a single criminal act. *See* 42 Pa.C.S. § 9765.

Next, we must determine whether PWID under section 780-113(a)(30) encompasses all of the elements of possession under section (a)(16).

Section 780-113(a)(16), regarding possession, prohibits "[k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board[.]" 35 P.S. § 780-113(a)(16).

Section 780-113(a)(30), regarding PWID, prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act." 35 P.S. § 780-113(a)(30). A delivery means "the actual, constructive, or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship." 35 P.S. § 780-102.

A review of sections 780-113(a)(16) and 780-113(a)(30) reveals that possession is a lesser included offense of PWID. ***See Commonwealth v. Rippy***, 732 A.2d 1216, 1223 (Pa. Super. 1999) (overruled on other

- 15 -

grounds) (citation omitted). Moreover, this Court has noted, the act of "[d]elivery necessarily includes possession with the intent to deliver and possession with the intent to deliver clearly includes possession." *Commonwealth v. Edwards*, 449 A.2d 38, 39 (Pa. Super. 1982).

Thus, we are constrained to conclude that the PWID and possession convictions should have merged for purposes of sentencing. Because our review upsets the trial court's overall sentencing scheme, we vacate the judgment of sentence and remand for resentencing. *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006) ("If our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan." (citation omitted)).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/18